FIRST NATIONAL BANK, Respondent, *v.* HONEYMAN ET AL., Appellants.

**Mortgage — Rights of the Grantee of the Equity.**

In an action to foreclose by the assignee of a mortgage to secure future advances, an owner of the equity of redemption will be permitted to impeach a settlement as to the amount due, made by the parties to the mortgage after the conveyance of the equity.

(Argued Feb. 13, 1888; reversed Feb. 24, 1888; opinion filed June 3, 1889.)

APPEAL from the district court, Cass county; Hon. W. B. McConnell, Judge.

The action was to foreclose a mortgage given to secure future advances, and was brought by an assignee. Before the assignment to the plaintiff an agreement as to the amount which had been advanced on the security of the mortgage was made between the mortgagor and mortgagee and was evidenced by the notes of the former for the amount. Prior to this agreement, however, the mortgagor had conveyed the premises to these defendants. Defense, that a less sum was in fact advanced than was evidenced by such agreement. Evidence to establish this defense was excluded on the trial, and such ruling is the principal ground of

error assigned. The plaintiff had judgment and the defendants, mortgagors' grantees, appealed.

*D. H. Twaney, R. M. Pollock* and *S. B. Bartlett,* for appellants.

The only question is, what is the land liable for under the mortgage? The court found that the last advancement was December 20, 1878. It also found that on the 31st of December, 1878, Ebenezer Honeyman transferred all his right, title and interest in the mortgaged premises to John Honeyman. If Forrest, the mortgagee, had brought the action the amount of his lien against the land would be the sum advanced up to December 20, 1878, and the burden of showing this would have been on him. Fisher v. Ottis, 3 Pinney, 91 ; Jones, Chat. Mort., § 94. The burden was also on Forrest's assignee. Fisher v. Ottis, *supra ;* see, also, 1 Jones, Mort., § 378 ; Kline v. McGuckin, 25 N. J. Eq. 433.

As soon as Ebenezer parted with his title his grantee succeeded to his rights. Wood v. Goodfellow, 43 Cal. 189 ; Campbell v. Hall, 16 N. Y. 579. The mortgagor after the 31st of December, 1878, had no power to create any charge upon the land. Lord v. Morris, 18 Cal. 491 ; Barber v. Bable, 36 id. 20 ; Wood v. Goodfellow, 43 id. 188 ; McGready v. McGready, 17 Mo. 597 ; Wilson v. Simpson, 4 So. Rep. 843 ; Vrooman v. King, 36 N. Y. 482 ; Addler v. Apt, 14 N. W. Rep. 63 ; Ferris v. Boxwell, 25 id. 592 ; Thompson v. Thompson, 9 Ind. 323, 68 Am. Dec. 642 ; Padgett v. Lawrence, 10 Paige, 170, 40 Am. Dec. 233; Lent v. Shear, 26 Cal. 370.

Appellants were not, therefore, bound by the settlement of the parties made August 12, 1879, and the court erred in rejecting the evidence impeaching it.

*Chas. A. Pollock,* for respondent.

Appellants all claim under Ebenezer Honeyman and had full knowledge of his mortgage to Forrest. It will doubtless be conceded that the grantees of John Honeyman (who got his title from Ebenezer) stand in the same relation to the Forrest mortgage as John himself did at the time the title passed from him ; and that the respondent occupies at least as good a position to the transaction as Forrest did when he assigned his mortgage to it. Cent. N. Bank v. N. B. Com., 50 N. Y. 580 ; 1 Jones, Mort. 841 ; 2 id. 1202.

From the foregoing, respondent claims:

1. *That without actual notice to Forrest of junior interests in the property John Honeyman is bound by the accounting and settlement between Ebenezer and Forrest to the same extent that Ebenezer is.* Tiedman, Real Prop., § 340; Stuyvesant v. Hall, 2 Barb. Ch. 158; Blair v. Ward, 10 N. J. Eq. 126; Guion v. Knapp, 6 Paige, 43.

II. That John, by his laches and inexcusable silence, is estopped from claiming title to the property at the time of the settlement. Bigelow, Estoppel, 434, 437, 452, 453; Pickard v. Sears, 6 Ad. & E. 469; Phillip, Ev. 464; 2 Pomeroy, Eq., §§ 264, 499, 500, 806; Dazill v. Odel, 3 Hill, 219; Smith, Lead. Cas. 562.

III. John and his grantees stand in the same relation to Forrest as Ebenezer does. Lockwood v. Thorn, 18 N. Y. 292; Martin v. Beckwith, 4 Wis. 219; Marsh v. Cass, 30 id. 531; Hoyt v. McLaughlin, 52 id. 280; Stevens v. Co. of Saginaw, 29 N. W. Rep. 492; Hurley v. Eleventh Ward Bk., 76 N. Y. 618.

IV. Collusion, fraud and mistake can only be proven upon definite and specific allegations, made by the party desiring to introduce evidence for that purpose. Slee v. Bloom, 20 Johns. 669; Baker v. Hoff, 52 How. Pr. 382; Weed v. Small, 8 Paige, 575; Kilpatrick v. Henson, 1 S. Rep. 189.

SPENCER, J. (*After stating the above facts.*) This action was brought to foreclose a mortgage executed on the 9th day of November. 1878, by Ebenezer Honeyman to one George Forrest, on certain premises in Cass county described in the complaint. The object and purpose of the mortgage was to secure the payment of certain sums of money which said Forrest had advanced to and for said mortgagor, and also such further sums as he should advance to and for him, from time to time, in the future. It was provided by said mortgage that the same should be void on the payment by the said Honeyman of all sums of money already ad·vanced to and for him by said Forrest, and on payment, also, of all promissory notes and bills of exchange made by the said mortgagor to said Forrest, or indorsed or accepted by him, and of all sums of money, and the interest thereon, at the rate of 7% per an-

num, which might be advanced in the future by said Forrest to or for or on account of said mortgagor; and that on default in the payment of any of the moneys so advanced and secured by the said mortgage the whole amount thereof should become due and payable, and said mortgage might be forclosed, and said premises sold for the payment thereof. Certain sums of money had been advanced by Forrest to the said Ebenezer Honeyman, and for him at the time and previous to the execution of said mortgage; and subsequently thereto there was advanced by said Forrest to and for said Honeyman, and upon his account from time to time, certain sums of money for which this mortgage was considered as security for the payment. On the 12th day of August, 1879, said Forrest and Honeyman, the mortgagor, had an accounting and settlement of their affairs, and concluded an agreement between themselves that the sum of money so advanced by said Forrest to and for said Honeyman was $3,782, and that said mortgage should be security for that sum, with interest at the rate of 10% per annum from that date. As evidence of this settlement and agreement, the said Honeyman at that time executed and delivered to said Forrest his seven promissory notes, bearing date on that day for different amounts, but aggregating said sum of $3,782, payable in from one to twelve months, with interest as aforesaid. No money was advanced by said Forrest on the security of said mortgage, subsequently to that date. On the 9th day of August, 1883, said mortgage, and the debt secured thereby, was by said Forrest duly assigned and delivered to the plaintiff in this action. Default having occurred in the payment of the moneys thereby secured, this action was brought for a foreclosure of said mortgage, and a sale of the premises; the amount claimed to be due being the sum as fixed by said agreement and notes. It is admitted, or, at least, undisputed, that no part of the sum so agreed upon or interest has been paid.

The defendants May Honeyman and John Reed each answered the complaint in said action separately, and for defense to said action alleged, among other things, that said Ebenezer Honeyman, the mortgagor, had, prior to the settlement and agreement between him and said Forrest, and the execution of said notes, and prior to the assignment of said mortgage to the plaintiff, to-wit,

on December 31, 1878, conveyed, for a valuable consideration, all of the premises described in said mortgage to one John Honeyman, and that they were each owners of separate parcels of said mortgaged premises; and they each further alleged that said Forrest had not in fact advanced any money to or for or on account of said Ebenezer Honeyman for which said mortgage was security, and denied that the amount as fixed by said agreement and alleged in the complaint to be due on said mortgage was due in fact. Upon the trial of the action the district court found as a fact, and it is undisputed, that said Ebenezer Honeyman, the mortgagor, transferred and conveyed all his interest and title in and to the mortgaged premises to John Honeyman by warranty deed dated December 31, 1878, which deed, however, was not recorded in the proper register's office until August 13, 1879; it having been executed before the settlement between Ebenezer Honeyman and said Forrest, but not recorded until after the assignment of said mortgage to said plaintiff. The defendants May Honeyman and John Reed also on said trial offered to prove that said Forrest had not in fact made the payments and advances as agreed upon in the settlement between him and said Ebenezer Honeyman, and as evidenced by said notes, and that consequently a less sum was due on said mortgage than evidenced by such agreement and claimed in the complaint. To this proof the plaintiff objected, upon the grounds substantially, that it was immaterial, irrelevant, and incompetent, for the reason that it sought to open the accounting and impeach the settlement made between the mortgagor and mortgagee; and that the defendants, and all persons claiming under said Ebenezer Honeyman, were bound and estopped by such settlement. This objection was sustained by the court, and to such ruling the defendants duly excepted. The plaintiff had judgment as prayed for in the complaint, and that there was due on said mortgage $3,782 and interest; and the defendants May Honeyman and John Reed appealed to this court, assigning several grounds of error, and, among others, the ruling of the court above mentioned, which presents the only question we deem it necessary to examine, namely, whether the plaintiff, the assignee of said mortgage, took it subject to the right of the owners of the equity of redemption of the mortgaged premises to

impeach the agreement made between the mortgagor and mort-
gagee as to the amount secured by the mortgage; in other words,
whether grantees of a mortgagor may, as against the assignee of
the mortgage, impeach an agreement and settlement made by the
mortgagor and mortgagee as to the amount due on a mortgage
given to secure future advances, such agreement having been made
subsequent to the grant of the equity of redemption.

That the assignee of a mortgage takes it subject to all the equi-
ties existing between the mortgagor and mortgagee has long been
a well-settled proposition, and is a familiar principle of law.
Clute v. Robinson, 2 Johns. 595; Ellis v. Messervie, 11 Paige,
467. The plaintiff in this action, therefore, took the mortgage
subject to any defense, legal or equitable, which the original
mortgagor could have made to it had he continued to own the
mortgaged premises. Could the mortgagor have controverted in
this action the amount due on the mortgage? We think this
question must be answered in the affirmative, and this notwith-
standing the settlement and agreement made between him and
the mortgagee as to the amount that had been advanced upon the
security of the mortgage. As between the parties themselves,
this agreement and settlement, and the giving of the notes in pur-
suance of it, were not, and could not have been, absolutely con-
clusive, so as to have deprived the mortgagor of the right to have
litigated the question of the amount secured, if he had so desired,
as against the mortgagee. While, as between them, the notes
which were given in pursuance of the agreement were *prima
facie* evidence of the amount advanced by Forrest, and for the
payment of which the mortgage was security, neither party was
concluded by it. On the contrary, under proper pleadings, it
would have been competent for either party to the mortgage or
the assignee of the mortgage debt to show that the sum actually
advanced was either more or less than the amount stated in the
notes, and the amount for which the mortgage stood as security
would have been increased or diminished according as it would
have been determined whether the amount advanced was greater
or less than the sum originally agreed upon. The accounting and
agreement between the mortgagor and mortgagee, as to the
amount which had been advanced as between them, had the effect

of an account stated, and nothing more; and upon the trial of the cause the mortgagor (being personally liable for the payment of any deficiency in the event that upon the foreclosure sale the premises should sell for a sum less than was due on the mortgage) had the right, under proper averments in his answer, to show that a mistake had been made in the agreement between him and Forrest, and that the sum actually advanced was in fact less than the sum agreed upon and for which the notes were given.

The rule which governs accounts settled, in regard to their impeachment, is thus stated, by Mr. Justice SELDEN in Lockwood v. Thorne, 18 N. Y. 292: " An account stated or settled is a mere admission that the account is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. Its effect is to establish, *prima facie*, the accuracy of the items, without other proof, and the party seeking to impeach it is bound to show affirmatively the mistake or error alleged. The force of the admission, and the strength of the evidence which will be necessary to overcome it, will depend upon the circumstances of the case. An account stated, which is shown to have been examined by both parties, and expressly assented to or assigned by them, would afford stronger evidence of the correctness of its items than if it merely appeared that it had been delivered to the party, or sent by mail, and acquiesced in for a sufficient length of time to entitle it to be considered as an account stated. So, too, an account settled — that is, when the balance it exhibits has been paid or adjusted between the parties — is stronger evidence, and requires more proof to overcome it, than a mere account stated. But the parties are never precluded from giving evidence to impeach the account, unless the case is brought within the principles of an estoppel *in pais*, or of an obligatory agreement between the parties; as, for instance, where, upon a settlement, mutual compromises are made." The rule as thus aptly stated is undoubtedly correct, and is sanctioned by the highest authority in this country and England.

Applying this principle to the case at bar, it will be readily perceived and is indisputable that Ebenezer Honeyman, the mortgagor, was entitled, had he so desired, upon the trial of this action, to have shown that a less sum was in fact advanced upon the se-

curity of the mortgage than appeared from the notes, even as against the plaintiff, the mortgage not having been assigned to said plaintiff until after the maturity of all of said notes; and, even if they had, it is probable that the mortgage itself would have furnished such notice to its assignee as not to have precluded proof of the amount actually advanced upon its security. But that is a question not necessary to be considered here.

The assignee of a mortgage takes it, also, subject to the equities of a grantee, mediate or remote, of the mortgagor, as against the mortgagee or his assigns, if such grantee be in possession. Such an assignee stands in the place of the person from whom he purchased the mortgage, as was said by Lord THURLOW in Davies v. Austen, 1 Ves. Jr. 247: "A purchaser of a chose in action must always abide by the case of the person from whom he buys; that I take to be a universal rule." In Coles v. Jones, 2 Vern. 692, it was held by Lord HARCOURT that, although the assignee comes in upon a full and valuable consideration, yet he must take the land subject to the same equity as it was in the obligee's hands. It is very clear that when a mortgage is assigned without privity of the mortgagor the assignee takes it subject to the equities between the mortgagor and mortgagee. A similar decision was made in Matthews v. Wallwyn, 4 Ves. 118. See, also, Davis v. Bechstein, 69 N. Y. 440; Andrews v. Torrey, 14 N. J. Eq. 355. And such an assignee takes the mortgage subject, not only to any latent equities which exist in favor of the mortgagor, but also to like equities in favor of other persons. Bush v. Lathrop, 22 N. Y. 535; Schafer v. Reilly, 50 id. 61.

In this discussion it will be borne in mind that under the law of this territory mortgages are mere liens upon the land covered by them, the mortgagor in both law and equity being regarded as the owner of the fee, and the mortgage a mere chose in action — a security of a personal nature. Comp. Laws, § 4346.

From what has been said, and from the authorities cited, it will be perceived that the plaintiff took the mortgage in suit subject to all the equities which existed in favor of the mortgagor or of his grantees, directly or indirectly, and that neither of them were concluded by the agreement proved, and the execution and delivery of the notes; that the grantee could avail himself of any de-

fense which the mortgagor could employ. But though the mortgagor had, after his conveyance to these appellants or their grantors, by his act estopped himself from controverting the amount secured by the mortgage, it would not have precluded the owner of the premises from proving the true amount advanced, and for which the mortgage was in fact security, unless they or their grantors were parties to such act, or knew of it, which it is not pretended they did in this case.

The mortgagor having conveyed the mortgaged premises before any agreement was made between him and the mortgagee as to the amount which had been advanced, his grantee of the premises is subject to the payment of only such sum of money as had in fact been advanced upon that security, and it was not competent for the mortgagor and mortgagee to afterward enter into any agreement or contract by which such sum should be increased, and the rights of the owners of the premises impaired.

The owner of mortgaged premises, under a title from the mortgagor, either immediately or remotely, is substituted for him to a great extent, and succeeds to his rights. The mortgage is a lien upon his property, and if the debt secured by it be not paid, the premises covered by it become the primary fund for the payment of such portion of the debt as may remain unpaid, and hence he is the person most usually interested in the amount of the incumbrance. After the conveyance of the title to the mortgaged premises by the mortgagor to John Honeyman, the appellants' grantor, the former was powerless to do any act or make any agreement which would increase the amount of the obligation secured by the mortgage, or to bind his grantee, or those who should succeed to his title, by one or a series of conveyances, by any agreement he might make with the mortgagee or his assigns without their knowledge or consent. President, etc., v. Rosevelt, 9 Cow. 409; Hartley v. Tatham, 2 Abb. Dec. 333. It is not pretended that either of these defendants knew of such agreement, or consented to it. The agreement, therefore, of the mortgagor and mortgagee, as to the amount which had been advanced upon the security of the mortgage, was as to these defendants wholly without force, and of no binding effect whatever. The evidence offered by the defendants for the purpose of showing that a less

sum had in fact been advanced on the mortgage was, therefore, competent, material, and proper, and the ruling of the court in excluding such testimony was erroneous, and prejudiced the defendants' rights.  For these reasons the judgment appealed from must be reversed, and a new trial ordered.  All the justices concurring.