The National State Bank of Lafayette *v.* Ringel.

THE NATIONAL STATE BANK OF LAFAYETTE *v.* RINGEL.

PROMISSORY NOTE.—*Certificate of Deposit.—Suit on Lost Instrument.—Bond of Indemnity.*—Suit against a bank upon a stolen certificate of deposit given by the defendant to the plaintiff, reciting that he had deposited in said bank a certain number of dollars, payable to his order in current funds, on the return of the certificate properly indorsed.

*Held,* that the instrument should be regarded as the promissory note of the bank, assignable under the statute, but that it was not negotiable as an inland bill of exchange, being made payable, not in money, but "in current funds."

*Held,* therefore, that the payee could recover on said stolen certificate without giving a bond to indemnify the bank against a subsequent claim thereunder by another person.

From the Tippecanoe Circuit Court.

*J. R. Coffroth,* for appellant.

*J. A. Stein,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, upon the following certificate of deposit, which is averred to have been stolen:

"NATIONAL STATE BANK, LAFAYETTE, IND.,

"April 12th, 1873.

"John Ringel has deposited in this bank seventeen hundred and fifty dollars, payable to the order of self, in current funds, on the return of this certificate properly indorsed.

"$1750. B. BROCKENBROUGH, Cashier."

It is alleged in the complaint that the certificate of deposit had not been indorsed. There was a trial upon a general denial, and a finding for the plaintiff. A motion for a new trial, a motion to require the appellee to file a bond of indemnity to save the appellant against future liability upon the lost certificate of deposit, and also a motion in arrest of judgment were severally made and overruled, and proper exceptions taken.

Counsel for appellant says:

"The only question which we desire to present for determination is, can a party recover upon a lost or stolen instrument, like the one in suit, without executing to the maker a

bond of indemnity, either by filing it with his complaint, or at some time during the progress of the trial, before final judgment? An indemnity bond was not filed with the complaint; the appellant's motion to require it to be filed, after the finding of the court, was overruled; and the same question was again raised in the motion in arrest of judgment."

The question is discussed whether or not the instrument is negotiable according to the law merchant and by statute, as an inland bill of exchange. We think the instrument must be regarded as the promissory note of the bank and as assignable by virtue of the statute; but we do not think it is negotiable as an inland bill of exchange. It lacks one of the essential qualities of a negotiable promissory note. It is not payable in money. It is payable in current funds. This takes from it the character of a negotiable promissory note. Chitty on Bills, 132; Edw. Bills & Notes, 134; Story Notes, secs. 17 and 18; *Cook* v. *Satterlee*, 6 Cow. 108.

The instrument not being negotiable as an inland bill of exchange, there can be no question, we think, as to the right of the payee to recover thereon without giving a bond to indemnify the bank against a claim which might be set up by some other person.

The judgment is affirmed, with five per cent. damages and costs.