## KESTNER *v.* SPATH ET AL.

PROMISSORY NOTE.—*Suit on Indorsement.*—*Insolvency of Maker.*—Where the maker of a promissory note, which was indorsed after its maturity by the payee to a third person, was insolvent at the time of such indorsement, and so continued, it was not necessary for the indorsee to sue the maker before suing upon the indorsement, though the maker was solvent at the maturity of the note.

From the Dearborn Circuit Court.

*J. Schwartz,* for appellant.

*H. D. McMullen,* for appellees.

BUSKIRK, J.—This was an action by the appellees against the appellant upon the indorsement of a promissory note executed by the firm of S. Siemantel & Co. to the appellant and by him indorsed to the appellees. It is alleged in the complaint, that when said note became due, the said S. Siemantel & Co. were and still are wholly insolvent, having no property subject to execution, so that an action against them would have been unavailing.

There was issue, trial by jury, verdict and judgment for appellees.

The only error assigned is based upon the overruling of the motion for a new trial.

It is earnestly contended by counsel for appellant, that the verdict is not sustained by the evidence, or, in other words, it is insisted that it fully appears from the evidence that, when the note became due, the makers were solvent. This is true, but is not decisive of the case. The note was executed on the 25th of July, 1868, and was due one day after date. The indorsement was blank. In the absence of proof, the presumption would be that the indorsement was made at the date of the note.

It appears from the evidence, that the appellant was the guardian of the appellees, and that the note in question was given for money which belonged to them, and that, after the execution of the note, it was delivered to one of the appellees, who collected interest thereon. It further appears that

the note was returned to the appellant, who indorsed it, in May or June, 1870, and that at such time the makers were insolvent and so continued down to the time of the trial. The present action is based upon such indorsement. It clearly and unmistakably appears that an action would have been unavailing after the indorsement. Had the appellant chosen to stand upon an equitable transfer, quite a different question would have been presented; but he made an indorsement without limiting his liability, and as the makers of the note were insolvent when the indorsement was made, the appellees were not required to sue, and are entitled to recover upon his indorsement. *Roberts* v. *Masters*, 40 Ind. 461.

The judgment is affirmed, with five per cent. damages and costs.