No. 7960.

## Gwin v. Moore et al.

PROMISSORY NOTE.— *Endorser.*— *Diligence.*— *Insolvency.*—*Complaint.*—In a complaint against the endorser of a promissory note, an allegation that the maker, at the time the note matured, was, and until the commencement of the action continued to be, totally insolvent, having no property subject to execution out of which their claim could be made-shows a sufficient excuse for plaintiff's delay in proceeding against the maker.

SAME.—*Evidence.*—*Reasonable Diligence.*—In such action, evidence that the note sued on was endorsed and delivered to the plaintiffs April 18th, 1875, and became due June 20th, 1876; that in an action commenced against the maker April 26th, 1877, judgment was recovered June 2d, 1877; execution issued November 7th, 1877, and return thereof made February 1st, 1878, that no property of any description could be found whereon to levy the same, shows an entire want of the reasonable diligence required to charge the defendant as an endorser.

SAME.—*Insolvency of Maker.*—*Evidence.*— *Verdict.*—In such case, evidence tending to show that the maker was actually insolvent, and that an action against him commenced within a reasonable time after the maturity of the note and prosecuted with diligence would have been unavailing, will sustain a verdict against the endorser.

From the Tippecanoe Superior Court.

*R. C. Gregory, W. B. Gregory* and *W. Mote,* for appellant. *A. A. Rice,* for appellees.

MORRIS, C.—Samuel Moore, John O. Morgan and North

Parker, the appellees, brought this suit against the appellant as the endorser of a promissory note.

The complaint states that on the 20th day of June, 1874, one William D. Kolb, by his note of that date, promised to pay to the order of the appellant, two years from date, the sum of one hundred dollars, with interest at ten per cent. per annum, payable annually, and with attorney fees; that the appellant assigned said note by blank endorsement to one George Marlott, who transferred the same by delivery to the appellees as collateral security for a debt which he then owed and still owes them; that a reasonable attorney's fee for collecting said note is twenty-five dollars; that the note is due and remains unpaid, except $32 which had been paid and endorsed on the same.

It is also alleged that when the note became due the maker, Kolb, was, and ever since has been, and now is, notoriously, wholly and totally insolvent, having no property subject to execution, out of which their claim could be made.

It is also stated that the appellees received said note from said Marlott on the 18th day of April, 1875; that suit was commenced on said note by the appellees, as against the maker and the appellant, in the Fountain Circuit Court, for the May term thereof, 1877, that being, as alleged, the first term of said court held after the appellees received said note; that they recovered in said court a judgment on said note against Kolb for $104 and costs, on the 2d day of June, 1877, and afterwards dismissed the suit against the appellant; that execution was afterwards duly issued on said judgment against said Kolb and duly returned by the sheriff of Fountain county, endorsed, "No property of any description whatever found whereon to levy." George Marlott was made a defendant to answer as to his interest in the suit, but the action was dismissed as to him. The appellant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled. He then answered by a general denial. The cause was submitted

to a jury, who returned a verdict for the appellees. The appellant filed a motion for a new trial, which was also overruled. He then moved in arrest of judgment. This motion was overruled and judgment was rendered on the verdict for the appellees.

The rulings of the court upon the demurrer to the complaint, and the motions for a new trial, and in arrest of judgment, are assigned as errors.

We think the complaint was sufficient. The averment that Kolb, the maker, was, at the time the note matured, and continued to be until the commencement of the suit, totally insolvent, "having no property subject to execution, out of which their claim could be made," excused the delay in proceeding against the maker. Where the maker is insolvent at the time the note becomes due and so continues, having no property subject to execution, it is not necessary, in order to charge the endorser, to institute legal proceedings against him. *Kestner* v. *Spath*, 53 Ind. 288 ; *Roberts* v. *Masters*, 40 Ind. 461.

The appellant insists that the complaint is fatally defective, because it does not aver that the note is unpaid. In this counsel are mistaken. The complaint does aver that the note, except the sum of $32 endorsed on it, is unpaid.

The motion in arrest of judgment is not discussed, and will not, for that reason, be considered.

It is insisted by counsel for the appellant, that the court below erred in overruling the motion for a new trial, because the verdict was not sustained by sufficient evidence.

The appellees read the note sued on and the appellant's endorsement thereon in evidence. They also read in evidence a transcript from the Fountain Circuit Court, from which it appeared that on the 26th day of April, 1877, the appellees commenced a suit in the Fountain Circuit Court on the note now in suit, against William D. Kolb, as maker, and the appellant as endorser ; and that on the 2d day of June, 1877, they recovered in said court a judgment on said note against said Kolb for $104 and costs, the suit being subsequently dis-

·missed as to the appellant; that on the 7th day of November, 1877, the appellees caused an execution to be duly issued on said judgment against said Kolb, and delivered to the sheriff ·of Fountain county, who, on the 1st day of February, 1878, returned the execution, stating in his return that no property of any description could be found whereon to levy the same.

The note sued on matured June 20th, 1876. The suit against the maker was not commenced for more than ten months after its maturity, and execution was not taken out until five months had elapsed from the rendition of the judgment. The facts show an entire want of that reasonable diligence which the law requires in order to charge the appellant as indorser of the note in suit. If the judgment below can be sustained, it is because the evidence in the case shows, or legally tends to show, that proceedings by suit against the maker, commenced within a reasonable time after the maturity of the note, and prosecuted with diligence, would have been unavailing.

We have examined the testimony and think that it tends to show that the maker of the note was, from the time of its maturity until the commencement of this suit, a householder, and entitled under the law to $300 of property free from sale on execution, and that during that period he had not, aside from liens, that amount of property. He had forty acres of land, worth as he swears, $13 per acre; it and another forty acres adjoining it, which he testifies to have been worth less, was encumbered by a mortgage of $800, with interest thereon at eight per cent. from 1870. It is true, that he further testifies that one Payne had assumed and agreed to pay off this mortgage. In addition to the land he had personal property, household furniture, etc., worth $100. The land, that is, the eighty acres, was, according to his testimony, worth less than the debt for which it was mortgaged. It is obvious, therefore, that the maker of the note, from the time of its maturity until the commencement of this suit, according to his testimony, had no property subject to execution, out of which

any part of said debt could have been made. The appellant introduced testimony tending to show that the land was worth more than $20 per acre, but we can not weigh the evidence for the purpose of disturbing the verdict. We think there was no error in overruling the motion for a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.