Gregg *et al. v.* The Union County National Bank.

---

No. 10,218.

## GREGG ET AL. *v.* THE UNION COUNTY NATIONAL BANK.

CERTIFICATE OF DEPOSIT.—*Payment.*—*Recovery by Endorsees Barred After Six Years.*—*Unreasonable Delay.*—Endorsees of a bank's certificate of deposit, not bearing interest, who received it more than six years after it had been paid and should have been surrendered, took it as dishonored paper and not as a continuing negotiable security, and can not enforce its second payment by the bank after such unreasonable delay.

SAME.—*Promissory Note.*—*Dishonored Paper.*—Such a certificate is to be regarded as a promissory note, and, if negotiable, must be regarded as paper dishonored by lapse of time when it was negotiated.

From the Union Circuit Court.

*L. W. Florea* and *G. C. Florea,* for appellants.
*L. H. Stanford,* for appellee.

BLACK, C.—On the 20th of August, 1873, the appellee received from Richard and William Post $1,533.20, and executed to them a certificate, as follows:

" No. 324.                    UNION COUNTY BANK, }
                                 LIBERTY, IND., Aug. 20th, 1873. }

" Richard and William Post have deposited in this bank $1,533.20, payable to the order of themselves, on return of this certificate.             W. M. CLARK, Cashier.

" $1,533.20."

On the 25th of August, 1873, the appellee paid to said Richard and William Post, upon their check, the amount of said certificate in full, but failed to take up said certificate. September 23d, 1879, said Posts endorsed said certificate to the appellants, who purchased it for value, without knowledge of any payment or of any equity existing in favor of the appellee. September 30th, 1879, the appellants presented said certificate for payment at the counter of said bank, and payment was refused; whereupon the appellants brought this action against the appellee upon said endorsed certificate.

The appellee answered by a general denial and by several paragraphs of special defence, and filed a counter-claim asking the cancellation of the certificate. Demurrers to certain paragraphs of the answer having been overruled, appellants replied, and the cause was tried by the court. The finding was in favor of the appellee. A motion for a new trial made by the appellants was overruled, and judgment was rendered for the appellee for costs and for the cancellation of said certificate. The questions raised by the demurrers and those presented by the motion for a new trial are the same.

The instrument sued upon is to be regarded as a promissory note. *Drake* v. *Markle,* 21 Ind. 433; *National State Bank of Lafayette* v. *Ringel,* 51 Ind. 393; *Brown* v. *McElroy,* 52 Ind. 404. The question whether it was negotiable by the law merchant need not be decided (as to which, however, see Morse Banks and Banking, 65; *Hunt* v. *Divine,* 37 Ill. 137; R. S. 1881, sec. 5506); for if it should be so held we think

it must be regarded as paper dishonored by lapse of time when it was negotiated.

It was a bank's certificate of deposit, not bearing interest, payable upon its return.   Such paper can not be so regarded as a continuing negotiable security as to prevent its being treated as overdue, and the consequent letting in of equities existing between the original parties, unless it be presented within a reasonable time.   Here a period of over six years elapsed.   With the action of the trial court in holding that this was an unreasonable delay we can not interfere.   We find no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.