## FIRST NATIONAL BANK v. STAPF.

[No. 20,602.    Filed June 21, 1905.]

1. BANKS AND BANKING.—*Certificates of Deposit.*—*Bills and Notes.*—A bank's certificate of deposit payable to the depositor's order and "not subject to check" is, in legal effect, a promissory note and transferable by indorsement under the statute (§7915 Burns 1901, §5501 R. S. 1881).    p. 163.

2. BILLS AND NOTES.—*Certificates of Deposit.*—*Indorsement.*—*Liability.*—The indorsee of a certificate of deposit, having used due diligence to collect same, has a right of action against his immediate or remote indorsers.    p. 164.

3. SAME.—*Certificates of Deposit.*—*Indorsement.*—*Insolvency of Certifier.*—The indorsers of a certificate of deposit are liable on their indorsement regardless of the indorsee's diligence in collecting same where the certifying bank was insolvent at the time of the indorsements.    p. 164.

4. DEMAND.—*Oral.*—*Banks and Banking.*—*Deposit.*—*Custom.*—By the custom of bankers, an oral demand for the payment of the depositor's account is not sufficient.    p. 164.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by George Stapf against the First National Bank of Mishawaka. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Anderson, Du Shane & Crabill,* for appellant.
*Joseph G. Orr* and *E. A. Howard,* for appellee.

MONTGOMERY, J.—Appellee brought this action against appellant for money alleged to be due on a deposit account. Appellant answered the complaint, (1) by general denial; (2) by plea of payment; and (3) by set-off. Appellee's demurrer to the third paragraph of answer was sustained, and he replied by denial to the second. A trial resulted in a finding and judgment for appellee. Appellant's motion for a new trial was overruled, and an exception duly saved.

The assignment of errors calls in question the decision of

the court in sustaining appellee's demurrer to the third paragraph of answer, and in overruling the motion for a new trial.

Appellee held a certificate of deposit in the following terms: "Certificate of Deposit. Indiana National Bank, No. 8,408. Elkhart, Indiana, November 7, 1903.

1. -George Stapf has deposited in this bank $600, payable to the order of self in current funds on return of this certificate properly indorsed. This deposit is not subject to check. W. C. Collins, cashier." On November 13, 1903, appellee indorsed this certificate and delivered the same to appellant, and the face value thereof was placed to his credit on his deposit account with appellant bank.

The third paragraph of answer is founded upon this certificate and its indorsement, and, after alleging the transfer of the certificate as the consideration for one of the items of account sued on, avers that appellant immediately forwarded the same, with proper indorsements, for collection; that payment was not made; that suit was instituted thereon, and a judgment for $604 and costs recovered against the Indiana National Bank of Elkhart, at the earliest possible date; that execution was issued at once, and returned "No property found." It further charged that said bank had no property subject to execution at any time after the 13th day of November, 1903, and sought to have the sum of money named in said certificate, with interest, set off against any amount found due on appellee's complaint, and to have judgment over against appellee for the excess.

The certificate of deposit above set out is in legal effect a promissory note, and transferable by indorsement under the statute of this State. §7515 Burns 1901, §5501 R. S. 1881; Gregg v. Union County Nat. Bank (1882), 87 Ind. 238; National State Bank v. Ringel (1875), 51 Ind. 393; Drake v. Markle (1863), 21 Ind. 433, 83 Am. Dec. 358;

*Long* v. *Straus* (1886), 107 Ind. 94, 104, 57 Am. Rep. 87; 2 Daniel, Negotiable Inst. (5th ed.), §1698a.

The indorsee of such an instrument, having used due diligence to collect, has a right of action against his immediate or any remote indorser. §7518 Burns 1901, §5504 R. S. 1881; 2 Daniel, Negotiable Inst. (5th ed.), §1702; *Miller* v. *Deaver* (1868), 30 Ind. 371; *Gwin* v. *Moore* (1881), 79 Ind. 103; *Spears* v. *Clark* (1852), 3 Ind. 296.

The answer further avers that the Indiana National Bank of Elkhart had no property subject to execution at any time after the transfer of this certificate.

3.    Under these circumstances appellee would be liable as indorser without regard to the question of diligence, as no action on the part of appellant, however diligent, would have been availing. *Herald* v. *Scott* (1850), 2 Ind. 55; *Reynolds* v. *Jones* (1862), 19 Ind. 123; *Roberts* v. *Masters* (1872), 40 Ind. 461; *Huston* v. *First Nat. Bank* (1882), 85 Ind. 21; *Williams* v. *Osbon* (1881), 75 Ind. 280; *Dick* v. *Hitt* (1882), 82 Ind. 92. The answer appears to contain all essential averments. No specific defect has been pointed out, and we accordingly hold it sufficient. The court erred in sustaining appellee's demurrer to the same.

Appellant's motion for a new trial alleged that the decision of the court was not sustained by sufficient evidence, was contrary to law, and that the amount of recovery was too large.

It is particularly urged that there was a failure to prove a proper demand preliminary to bringing suit. Appellee alleged a demand in general terms, and the evidence shows an oral request for payment. A proper demand of a bank for money on deposit is made when the depositor during business hours presents or causes to be presented at the bank his check, order, draft, receipt, or other writing for the payment of money in the amount desired, which writing, when honored and in the hands of

the bank, will be evidence of the authority and direction of the depositor to pay, as well as evidence of the payment. *McEwen* v. *Davis* (1872), 39 Ind. 109; 1 Morse, Banks and Banking (4th ed.), §313. A banker may pay upon an oral order or direction, but under the usages of the banking business he is not required to do so. No proper demand was shown by the evidence.

The judgment is reversed, with directions to overrule the demurrer to the third paragraph of answer, and for further proceedings in accordance with this opinion.