KOELZER and another, Executors, Appellants, vs. FIRST NATIONAL BANK OF WHITEWATER, Respondent.

*September 13—October 3, 1905.*

*Banks and banking: Usage and custom: Deposits subject to check, when and how payable: Demand: Presumptions: Cause of action: Limitation of actions: Mutual accounts: Statutes.*

1. While in case of an ordinary account it is the legal right of the creditor to have his debtor seek him and pay him, there is no such obligation as to a creditor of a bank, where the indebtedness is carried upon its books in open account subject to check.

2. It is the general custom in banking business to pay on account of indebtedness to a depositor, carried on its books in open account subject to check, only upon a proper demand therefor by check or its equivalent at the banking house during ordinary banking hours, and one who deposits money for his credit in such an account, without special understanding to the contrary, is presumed to accept the undertaking of the bank to pay according to such custom, and such is the contract between the bank and its general depositors, by necessary implication.

3. In such case, a breach of the bank's obligation to pay upon a proper demand being made, or some act on the part of the bank dispensing with such demand, is essential to a cause of action to recover from the bank and to set the statutes of limitation running in respect to the debt.

4. Sec. 4226, Stats. 1898 (providing that "in actions brought to recover the balance due upon a mutual and open account current the cause of action shall be deemed to have accrued at the time of the last item proved in such account"), does not apply where by the agreement between the parties the debt is payable only upon the happening of some particular event.

5. Mere bank credits due a depositor on open account subject to check are an exception to accounts referred to in sec. 4226, Stats. 1898, and are not covered by that section but by subd. 3, sec. 4222.

APPEAL from a judgment of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Reversed.*

The action was to recover moneys deposited by Jacob Koelzer in the defendant bank subject to be checked out in the regular course of business. The last transaction between the defendant and the depositor in respect to the account occurred more than six years before the commencement of the action. It was claimed in the complaint and denied by the answer that the balance due after such last transaction was $533.26. A balance at that time of $8.25 was conceded. Plaintiff claimed that a deposit of $525 was made, which was disputed. The six-year statute of limitations was duly pleaded. The cause was tried by the court resulting in findings to the effect that the true balance was as claimed by plaintiff, but that the cause of action accrued to recover the

same at the date of such last transaction, and without demand
for payment, and hence such cause of action was barred by
the six-year statute of limitations.   Judgment for defendant
was rendered accordingly.

*J. H. Page,* attorney, and *William Smith,* of counsel, for
the appellants.

For the respondent there was a brief by *James G. Kestol,*
attorney, and *Whitehead & Matheson,* of counsel, and oral
argument by *A. E. Matheson.*

MARSHALL, J.   The learned circuit court seems to have
applied to the facts of this case the doctrine which prevailed
in *Curran v. Witter,* 68 Wis. 16, 31 N. W. 705.   The ques-
tion there was this: Is a demand for payment of a bank's
written obligation in the form of an ordinary certificate of
deposit essential to a cause of action to recover thereon ?   For
the reason that the relations of the parties to such an instru-
ment are those of debtor and creditor, and all its character-
istics are identical with those of a promissory note payable
on demand, it was held to be such a note and to be governed
by the law relating to such contracts as regards necessity for
demand for payment as a condition precedent to action there-
on.   That is, since in contemplation of law a promissory note
payable on demand is due from its date and affected by the
statute of limitations from that time, such a note payable
by a bank, though called a certificate of deposit, must be
governed accordingly.   That is well supported by judicial
authority, though there is much authority to the contrary,
mainly based on the theory that the relation between a bank
and its depositor is not that of debtor and creditor but more
like that of bailee and bailor.   Obviously since the rule as to
a certificate of deposit is grounded on the fact that it is a
mere promissory note payable on demand, it does not neces-
sarily apply to ordinary indebtedness of a bank to a depositor
carried on its books in open account subject to check.

If such indebtedness as that last mentioned were of the same character as that on an ordinary account one would be governed by the same rule as the other as regards the statute of limitations. A cause of action to recover thereon would not be dependent upon a formal demand for payment. Manifestly it is not of the same character. In case of an ordinary account it is the legal right of the creditor to have his debtor seek him out and pay him. There is no such obligation as to a bank creditor. The general custom in banking business is to pay on account of such indebtedness only upon a proper demand therefor by check or its equivalent at the banking house during ordinary banking hours. One who deposits money for his credit in such an account, without any special understanding to the contrary, is presumed to accept the undertaking of the bank to pay according to the general usage in such cases, which is known to all men. There being such a general custom, without some special stipulation to the contrary, the contract between the bank and its general depositors, by necessary implication, accords therewith. So a breach of the bank's obligation to pay upon a proper demand being made, or some act on the part of the bank dispensing with such demand, is essential to a cause of action to recover of it and set the statute of limitations running in respect to the debt.

The judicial and elementary authorities are in substantial harmony with the result above reached. In Wood, Limitations (3d ed.) § 17, the trend of American decisions is stated in these words:

"But it appears to be that an action will not lie against a bank for a deposit until after a demand has been made therefor. The engagement of a bank with its depositor is not to pay absolutely and immediately, but when payment shall be requested at the banking house, and therefore it is not in default or to respond in damages until demand and refusal; nor does the statute of limitations begin to run until demand has been duly made."

The texts in 1 Morse, Banks and Banking (4th ed.) § 322, and 3 Am. & Eng. Ency. of Law (2d ed.) 838, supported by numerous authorities, are to the same effect.

It is suggested by counsel for respondent that as this court has held that the relation between a bank and its depositor is that of debtor and creditor and that no demand for payment of its ordinary certificate of deposit is essential to a cause of action to recover thereon, it must necessarily follow that the same rule applies to an ordinary indebtedness on open account, as in all jurisdictions the rule is uniform as to both classes of indebtedness. Counsel are in error in that. True, many courts hold contrary to the policy adopted here as to a demand being necessary to a cause of action on certificates of deposit. True, in such jurisdictions there is no distinction between indebtedness on such a certificate and indebtedness on open account, but in every jurisdiction, so far as we can discover, where it has been held that the statute of limitations on such a certificate runs from its date, and the question has been determined as to when it runs as to an ordinary bank credit subject to check, it has been held that a demand for payment is necessary to set such statute in operation. As significant in that regard as any of the American decisions are those of the supreme court of Minnesota, since the rule there is that the relation between a bank and its depositors is that of debtor and creditor. *Branch v. Dawson,* 33 Minn. 399, 23 N. W. 552; *Mitchell v. Easton,* 37 Minn. 335, 33 N. W. 910. See, also, 1 Morse, Banks and Banking (4th ed.) §§ 302, 322.

We do not overlook the fact that the account in question, as is usual, was an open account current and that it is provided by statute that "in actions brought to recover the balance due upon a mutual and open account current the cause of action shall be deemed to have accrued at the time of the last item proved in such account." Sec. 4226, Stats. 1898. That does not apply where by agreement between the parties

the debt is payable only upon the happening of some partic-
ular event. Mere bank credits are an exception to accounts
in general referred to in the statute, since, as stated, demand
for payment at the banking house during banking hours is
essential to put the bank in default. Sec. 4226, Stats. 1898,
does not, but subd. 3, sec. 4222, Stats. 1898, does, cover such
cases as the one before us; it being understood that the statute
commences to operate only from the time the cause of action is
complete.

*By the Court.*—The judgment is reversed, and the cause
remanded with directions to render judgment in favor of
plaintiff for $533.26, with interest thereon from the ,5th day
of February, 1898, with costs.