## KRIEG ET AL. *v.* PALMER NATIONAL BANK.

[No. 7,133.   Filed June 30, 1911.   Rehearing denied June 25, 1912.]

1. BILLS AND NOTES.—*Certificates of Deposit.—Payable in "Current Funds."—Negotiubility.*—A certificate of deposit payable in "current funds" is not negotiable under the law merchant as an inland bill of exchange, but is negotiable by virtue of §9071 Burns 1908, §5501 R. S. 1881, making all promissory notes, bills of exchange, bonds or other instruments in writing, negotiable by indorsement thereon.  p. 38.

2. COURTS. — *Supreme Court. — Decisions Binding on Appellate Court.*—The Appellate Court is bound by the decisions of the Supreme Court until they are overruled or modified by the latter. p. 40.

3. BILLS AND NOTES.—*Certificates of Deposit.—Place of Payment.*—A certificate of deposit issued by a named bank in this State, and made payable to the order of the depositor on the return of the certificate properly indorsed, is payable at a bank in this State, though not expressly stating that it is payable at such bank.  p. 40.

4. BILLS AND NOTES.—*Certificates of Deposit.—Negotiability.—Laws Governing.*—While liability on a contract of indorsement must be determined by the laws of the state where the indorsement is made, where a certificate of deposit was executed in this State and indorsed in this State by the payee to one who indorsed it to plaintiff in Illinois, in an action against the depository and payee, in which plaintiff's indorser is not a party, the negotiability of the instrument and the rights of plaintiff as against the defendants must be determined by the laws of this State.  p. 40.

5. BILLS AND NOTES.—*Certificates of Deposit.—Indorsement.—Equities.—Estoppel.*—Where one transfers a certificate of deposit to another by indorsement, he is estopped thereby as against a subsequent assignee for value and without notice of prior equities and defenses, from asserting that the title so transferred is not good.  p. 41.

6. APPEAL.—*Assignment of Errors.—Review.—Proceedings in Trial Court.—Presumption.*—Where the ruling of the trial court on a demurrer is not presented by assignment of error, such ruling will be presumed to have been correct.  p. 42.

7. ESTOPPEL.—*Estoppel in Pais.—Pleading.*—To obtain the benefit of an estoppel *in pais*, it must be pleaded.  p. 42.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by Palmer National Bank of Danville, Illinois, against George L. Krieg, and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Lesh & Lesh,* and *Frank T. Switzer,* for appellants.

*C. W. Watkins, Charles A. Butler* and *E. Winters,* for appellee.

FELT, P. J.—This suit was originally brought by the Palmer National Bank of Danville, Illinois, against appellant Huntington County Bank, of Huntington, Indiana, to recover on a certificate of deposit, which reads as follows:

"$4,250.            HUNTINGTON COUNTY BANK.
                    Huntington, Indiana, March 14, 1907.
     George L. Krieg has deposited in this Bank forty two hundred and fifty dollars payable to the order of himself in current funds on the return of this certificate properly endorsed.                    Roy Gibler,
Not subject to check.                    Cashier.
No. 77,179."

Said instrument was duly indorsed by the payee to James W. Price, who in turn indorsed the same to appellee. On application of the Huntington County Bank and on his own petition, appellant Krieg was made a party defendant. The Huntington bank thereafter filed answer, showing that by authority of the court it paid to the clerk, for the use and benefit of the party lawfully entitled thereto, the sum of $4,381, the amount of the certificate and interest to the date of such payment. The venue was changed from the Huntington Circuit Court to the Wabash Circuit Court, where, after the issues were formed, the case was tried and judgment rendered against appellant Krieg and The Huntington County Bank for $4,560.50, from which judgment this appeal is taken.

Appellant Krieg has separately assigned as error (1) sustaining the demurrer of appellee to the amended second paragraph of his answer to the complaint; (2) overruling his

demurrer to the third paragraph of the reply of appellee to the third and fourth paragraphs of the separate answer of appellant Krieg; (3) sustaining the demurrer of appellee to the second paragraph of Krieg's reply to the fourth paragraph of appellee's answer to the cross-complaint of appellant Krieg; (4) overruling the motion for a new trial.

Appellant Huntington County Bank, by separate assignment of errors, presents the same questions, and there is also a joint assignment of the same errors.

The amended second paragraph of the answer of appellant Krieg avers, in substance, that the certificate of deposit sued on was obtained by his assignee, Price, by fraud; that said Price claimed to be the patentee of a "Farm Derrick", and he and his associates made certain false statements and fraudulent representations to appellant in regard to the utility and value of said patent (the details of which appear in the answer), and also made bogus sales of territory and rights in his presence, all of which he believed to be true and genuine; that relying thereon, and wholly by reason thereof, he purchased an interest in said patent, and executed his note therefor to said Price in the sum of $4,300; that said Price had not complied with the law by filing with the clerk of the Huntington Circuit Court a copy of said letters patent; that said sale was made and said note executed in Huntington county, Indiana; that said Price did not show, on said note over appellant Krieg's signature, that it was given for a patent right; that thereafter and on the same day the note was executed, at the solicitation of said Price, and while still in ignorance of the fraud that had been practiced on him, and believing the false representations made to him to be true and said bogus sales to be genuine, he indorsed to said Price said certificate of deposit for $4,250 in exchange for his said note; that said patented device had no value whatever and no element of utility, and appellant Krieg received no consideration whatever for said certificate of de-

posit; that the same was executed and delivered to said Price in Indiana, and is not negotiable under the laws of Indiana; that the indorsement and transfer of said certificate by Price to appellee was made in Illinois and is governed by the laws of that state; that by the laws of Illinois a person who takes a nonnegotiable instrument by indorsement in blank and delivery, as in this case, does not acquire a legal, but only an equitable title thereto, subject to the rights and equities of all prior holders thereof.

The third paragraph of appellant's answer to the complaint avers that there was no consideration for the successive transfers of said certificate, and appellee accepted the same with knowledge thereof.

The fourth paragraph of his answer charges that appellant Krieg was induced to purchase an interest in said letters patent by the fraud of Price and his associates, and gave his note therefor in the sum of $4,300, and before discovering the fraud, took up said note by giving to said Price the certificate in suit; that appellee took said certificate with knowledge of said fraud; that after ascertaining said fraud appellant tendered a return of the instrument conveying to him an interest in said letters patent, and demanded from said Price said certificate of deposit, but Price refused to accept the same or to return to him said certificate of deposit.

The substance of the third paragraph of the reply of appellee to the third and fourth paragraphs of answer of appellant Krieg, is that appellee is a corporation, organized as a national bank, and doing business under the laws of Illinois; that it trades in and buys notes and commercial paper as any national bank; that it purchased the certificate in question before maturity from James W. Price, in the due course of business, for $4,250 in money, without any notice or knowledge that the consideration thereof had failed or that it was procured by fraud. Appellant Krieg's cross-

complaint set up the alleged fraud by which Price obtained the certificate of deposit, and alleged a total failure of consideration.

The fourth paragraph of appellee's answer to the cross-complaint of said appellant alleged substantially the same facts that are averred in its third paragraph of reply to the third and fourth paragraphs of said appellant's answer.

The second paragraph of said appellant's reply to the fourth paragraph of appellee's answer to the cross-complaint of Krieg, alleges in substance, that the certificate sued upon was executed in Indiana, is payable in said State, and its negotiability is governed by the laws of Indiana; that the indorsement of Price and the delivery by him of said certificate to appellee was in the state of Illinois; that by the laws of that state appellee obtained only an equitable title to said certificate, subject to the rights and equities of all prior holders thereof.

The assignments of error raise the question of the negotiability of the certificate of deposit sued on. Certificates of deposit in the usual form, substantially like the 1. one sued on, have been held in this State to be the promissory notes of the bank issuing them, and, as such, governed by the same rules as to negotiability that apply to promissory notes. *Drake* v. *Markle* (1863), 21 Ind. 433, 83 Am. Dec. 358; *Gregg* v. *Union County Nat. Bank* (1882), 87 Ind. 238; *First Nat. Bank* v. *Stapf* (1905), 165 Ind. 162, 74 N. E. 987, 112 Am. St. 214; *Long* v. *Straus* (1886), 107 Ind. 94, 104, 6 N. E. 123, 7 N. E. 763, 57 Am. Rep. 87.

The further question arises, whether the certificate of deposit is negotiable under the law merchant or only negotiable by virtue of our statute. On this question, outside our own State, there is a great diversity of opinion; but we think it is settled in Indiana that a certificate of deposit payable "in current funds" is not negotiable under the law mer-

chant as an inland bill of exchange, but is negotiable by virtue of our statute. §9071 Burns 1908, §5501 R. S. 1881; *National State Bank* v. *Ringel* (1875), 51 Ind. 393; *Conwell* v. *Pumphrey* (1857), 9 Ind. 135, 68 Am. Dec. 611; *Drake* v. *Markle, supra; First Nat. Bank* v. *Stapf, supra.*

In 1 Daniel, Neg. Inst. (5th ed.) §§55, 56, numerous decisions are cited on both sides of the question, and the author concludes by saying: "In business paper it is best to adhere to strict rules; and as certainty is of the first moment in commercial dealings, and paper payable in fluctuating values is uncertain and delusive, we think sound judgment approves the doctrine of the text. Money alone is legal tender, and only the note which represents money should be held negotiable. It should be expressed simply as payable in dollars, which have a definite signification fixed by law." See, also, 2 Daniel, Neg. Inst. §1706; 1 Randolph, Com. Paper §§89, 90; Tiedeman, Com. Paper §§485, 487.

However, two comparatively recent cases by the Supreme Court of the United States depart from the doctrine declared in Indiana, and many of the states, and hold that the phrase "in current funds", under our present monetary system and business usage, has come to be used to designate any of the forms of legal tender money of our government, and that its use in a check or other instrument does not destroy its negotiability, for it was intended to cover whatever was receivable and current by law as money, whether in the form of notes or coin, all being current and declared, by positive enactment, to be legal tender. *Bull* v. *Bank of Kasson* (1887), 123 U. S. 105, 112, 8 Sup. Ct. 62, 31 L. Ed. 97; *Woodruff* v. *Mississippi* (1896), 162 U. S. 291, 302, 16 Sup. Ct. 820, 40 L. Ed. 973.

There is a strong tendency in the more recent decisions of the several states to change the former holdings, and to favor the rule of negotiability, though some states and some lawwriters still incline to the old doctrine of nonnegotiabil-

ity of such instruments. However, in view of the long-established rule in Indiana, and the fact that this court is bound by the decisions of our Supreme Court, until overruled or modified by that court, and the further fact of the division of opinion in other states, we adhere to the rule that a certificate of deposit, such as the one before us in this case, is not negotiable under the law merchant, but is negotiable by, and liability attaches according to, the provisions of our statute. §§9071, 9074 Burns 1908, §§5501, 5504 R. S. 1881.

Section 9074, supra, reads as follows: "Any such assignee, having used due diligence in the premises, shall have his action against his immediate or any remote indorser; and in suit against a remote indorser, he shall have any defense which he might have had in a suit brought by his immediate assignee."

It is also contended that the instrument is not negotiable because not in express terms payable at a bank in this State. In view of our conclusion above stated, this question is not important, but we are not impressed with the correctness of the contention, and think a fair and reasonable interpretation of the instrument leads to the conclusion that it is payable at the Huntington County Bank, Huntington, Indiana. See Halstead v. Woods (1911), 48 Ind. App. 127, 95 N. E. 429.

The certificate in suit was negotiated by Price by indorsement to appellee bank, in the State of Illinois, but was originally executed in Indiana, and its negotiability must be determined by the laws of Indiana. It is true, however, that liability on a contract of indorsement is determined by the laws of the state where the indorsement is made; but Price is not a party to this suit, and he is the only person mentioned whose liability could be determined by the laws of that state, and appellee, having elected to sue Krieg and the Huntington County Bank, and not to sue

Price, its immediate indorser, the question of the liability, under the Illinois law, is not pertinent to any question presented for our decision. 1 Daniel, Neg. Inst. §§865, 867, 882, 899-901; *Hunt* v. *Standart* (1860), 15 Ind. 33, 77 Am. Dec. 79; *Rose* v. *President, etc.* (1860), 15 Ind. 292.

The Huntington County Bank issued the certificate in Indiana, it is by its terms payable in Indiana; Krieg indorsed it to Price in Indiana, and the suit was brought in this State, so that appellee's rights against appellants must be determined by the laws of Indiana. 1 Daniel, Neg. Inst. §§879, 882, 895.

It is contended by appellee, that, independent of the question of the negotiability of the certificate of deposit, the judgment must be affirmed, for the reason that appellant Krieg, by his indorsement and transfer of the instrument in the ordinary course of business, with the usual apparent indicia of title, is thereby estopped from setting up as against a subsequent assignee, for value, without notice of prior equities or defenses, that his title so transferred is not good and the instrument collectible by appellee.

In *Moore* v. *Moore* (1887), 112 Ind. 149, 13 N. E. 673, 2 Am. St. 170, Judge Mitchell, in speaking of the rights and equities between indorsers and indorsees of instruments, under our statute, said: "The effect of these provisions is to vest in the indorsees of the instruments named therein. whether such instruments be technically negotiable by the law merchant or not, a complete legal title, as well as a right of recovery by indorsees in their own names, respectively. Whatever right remains in the assignor of an instrument thus assignable, after the holder has transferred it by an unrestricted indorsement, must of necessity be of a purely equitable character. It is not perceived, therefore, why an innocent purchaser, who takes such an instrument by indorsement for value, and without notice of the latent equities

of prior indorsers, may not stand upon the rule that where the equities are equal he is in the situation of advantage who holds the legal title. If one of two equally innocent parties must suffer, that one who, by his indorsement of the instrument, has conferred upon another the apparently absolute ownership of the paper must bear the loss. This doctrine ruled the case of *Stoner* v. *Brown* (1862), 18 Ind. 464, which is not distinguishable in principle from the case before us. It is familiar law that if the owner, although induced thereto by fraud, invests another with the apparent legal title to chattels, in pursuance of a contract, the person so clothed may transfer an unimpeachable title to a good-faith purchaser.'' See, also, 2 Daniel, Neg. Inst. §1708g; *Kiefer* v. *Klinsick* (1896), 144 Ind. 46, 57, 42 N. E. 447; *Shirk* v. *North* (1894), 138 Ind. 210, 214, 37 N. E. 590; *Merrell* v. *Springer* (1890), 123 Ind. 485, 488, 24 N. E. 258, 8 L. R. A. 61; *Hirsch* v. *Norton* (1888), 115 Ind. 341, 17 N. E. 612.

Appellee's fifth paragraph of reply to the third and fourth paragraphs of Kreig's answer, and its third paragraph of answer to Krieg's cross-complaint were by way of estoppel, but a demurrer was sustained to each, and appellee has assigned no cross-errors questioning such rulings. *Feder* v. *Field* (1889), 117 Ind. 386, 20 N. E. 129. The rulings of the trial court are presumed to be correct. Therefore, there is no plea of estoppel in this case; and by numerous decisions of our Supreme Court it is established that to obtain the benefit of an estoppel *in pais* it must be pleaded. *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616, 69 N. E. 1006, 66 L. R. A. 632; *International, etc., Loan Assn.* v. *Watson* (1902), 158 Ind. 508, 64 N. E. 23; *Center School Tp.* v. *State, ex rel.* (1898), 150 Ind. 168, 49 N. E. 961; *Wood* v. *Ostram* (1867), 29 Ind. 177. The questions on the instructions are determined by our conclusions already announced, and we do not deem it wise to extend this opinion by further discussion.

Following the conclusions announced, we hold that the trial court erred in sustaining the demurrer to the amended second paragraph of answer, in overruling the demurrer to the third paragraph of the reply of the appellee to the third and fourth paragraphs of the separate answer of appellant Krieg, in sustaining the demurrer of appellee to the second paragraph of Krieg's reply to the fourth paragraph of appellee's answer to the cross-complaint, and in overruling the motion for a new trial.

The judgment is therefore reversed, wth instructions to the lower court to sustain the motion for a new trial, to change the rulings on the several demurrers to conform to this opinion, and to permit the parties to amend their pleadings, if they desire so to do, and for further proceedings in accordance with this opinion.

Lairy, C. J., Myers, Hottel and Ibach, J.J., concur.

Adams, J., dissents.

NOTE.—Reported in 95 N. E. 613. See, also, under (1) 7 Cyc. 535; (2) 11 Cyc. 747; (3) 7 Cyc. 603; (4) 7 Cyc. 641; (5) 7 Cyc. 830; (6) 2 Cyc. 982; (7) 16 Cyc. 806. As to the nature and negotiability of certificates of deposit, see 75 Am. St. 46.