## MONTANA LIFE INS. CO. v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court of Appeals, Ninth Circuit.
November 23, 1925.)

No. 4659.

**1. Principal and surety ⬤=78—Depositor's letters to insolvent bank held not "legal demand" for payment, within bond securing deposit.**

Depositor's letters to insolvent bank, requesting one-half of its deposit on open account by return mail and balance by certain date, *held* not "legal demand" for payment, within bond securing deposit, in absence of demand by check or draft.

[Ed. Note.—For other definitions, see Words and Phrases, Legal Demand.]

**2. Principal and surety ⬤=161—Evidence held to show that obligor did not request depositor not to withdraw deposits, nor agree to renew bond.**

In depositor's action on bond protecting deposit, evidence *held* to show that depositor's failure to make "legal demand" for payment during life of bond was not due to obligor's request not to withdraw deposit, and that obligor did not agree to renew bond.

**3. Estoppel ⬤=63—Obligor held not estopped from denying liability on bond protecting obligee's bank deposit.**

That obligor originally denied liability on bond protecting obligee's bank deposit on ground that obligee had failed to withdraw deposits as requested by obligor did not estop it from denying liability for obligee's failure to make legal demand for payment during life of bond, where it did not previously know of such failure.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by the Montana Life Insurance Company against the American Surety Company of New York. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brought an action against the defendant in error to recover the sum of $9,000, in accordance with the terms of a bond whereby the defendant had undertaken to protect the plaintiff against loss of its deposits in the First National Bank of Highwood, Mont. The term of the bond was one year, and it ended November 1, 1922. The condition thereof was that the bank should during said term faithfully account for and pay on legal demand all moneys deposited with it by and on behalf of the plaintiff and should not suspend. The complaint alleged that prior to and down to November 1, 1922, the plaintiff made repeated demands upon the bank for the

8 F.(2d)—51

payment of said moneys, but that the bank for want of funds failed and refused to pay the same, or any portion thereof; that on November 1, 1922, the plaintiff notified the defendant of such failure and refusal of the bank to pay, and that the defendant thereupon requested the plaintiff to take no further action for the enforcement of its demand for the payment of said funds until the defendant should consider and determine whether or not the said bond should be renewed and extended with reference to said moneys and funds; that thereafter, on November 15, the defendant notified the plaintiff that the bond would not be renewed or extended; that on December 16, 1922, the bank suspended on account of insolvency and ceased to do business; that on December 20 the plaintiff notified the defendant of the suspension of the bank, and of the fact that it had on deposit therein a sum in excess of $12,000, and demanded payment of said sum of $9,000, the penalty of the bond; that on June 1, 1923, the defendant notified the plaintiff that its claim for $9,000 was valid, and that the sum would be recommended for payment, but that later it denied liability and refused to pay the same, on the ground that in January and February, 1922, the defendant had notified the plaintiff of its intention to limit and restrict its obligations under said bond, as specified in certain letters to the plaintiff.

The defendant's answer denied that during the term of the bond the plaintiff made any demand upon the bank for the payment of its moneys and funds so on deposit, and alleged that during said term the bank was an open, going concern, with funds and moneys with which to pay the demands of the plaintiff, and it denied that on November 1, 1922, or at any time prior to December 20, 1922, the plaintiff notified the defendant of the failure and refusal of the bank to pay said moneys and funds of the plaintiff.

A jury trial was waived, and the case was tried to the court. The findings of fact were: (1) That during the term of the bond the plaintiff presented to the bank no check or certificate of deposit for payment, but only wrote letters of request for transmittal of some part of the moneys deposited on open account. (2) That plaintiff's failure to make legal demand for payment was not due to any act of defendant's imposing any liability upon the latter, but due solely to plaintiff. (3) That the defendant prior to this action refused to indemnify plaintiff for its deposits, giving as its reason that plaintiff had made said deposits contrary to its

instructions; but it does not appear that at any time defendant knew the plaintiff had not demanded payment of its deposits during the life of said bond. (4) That plaintiff made said deposits of right, and not contrary to any of defendant's instructions. (5) That defendant did not engage on November 1, 1922, or at any other time, to supply plaintiff with a new bond, effective after the bond in suit expired.

As conclusion of law the court held that plaintiff was not entitled to recover. Judgment was entered accordingly.

Gunn, Rasch & Hall, of Helena, Mont., for plaintiff in error.

Stewart & Brown, of Helena, Mont., for defendant in error.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff assigns as error that the court refused to adopt as its own the plaintiff's requested findings of fact, in substance, that on September 28, 1922, the defendant by its letter of that date advised the plaintiff that it would consider the giving of a new bond on said bank on November 1, 1922; that on November 1, 1922, the plaintiff presented to defendant its application for the issuance of a bond in the sum of $9,000 on said bank to secure the plaintiff's moneys therein; that it was then known and understood by the defendant that the plaintiff's demands for the payment of its moneys and funds had not been complied with, because of want of funds in the bank with which to pay the same, and that any attempt on plaintiff's part to enforce payment would result in the closing of the bank; and that at the request of the defendant on November 1, 1922, in order to enable it to consider the plaintiff's application for a new bond, the plaintiff refrained from action to enforce payment of its funds, and that two weeks later the defendant declined and refused to furnish a new bond. Error is also assigned to the finding that the plaintiff had failed during the life of the bond to make legal demand for the payment of its funds on deposit with the bank.

[1] The obligation of the bond was that during the term thereof the bank should faithfully account for and pay on legal demand all moneys deposited with it by or on behalf of the plaintiff. Of the moneys so deposited, more than $8,000 were represented by certificates of deposit, all payable upon demand. It is admitted that none of the certificates of deposit had been presented, and that payment thereon had not been refused; but it is contended that of the moneys deposited on open account the plaintiff had demanded payment of $3,000, or at least $1,500. The contention rests upon two letters from the plaintiff to the bank, written respectively October 12 and October 24, 1922. The first letter, after referring to the fact that the bank examiner has asked the plaintiff to reduce its bank balances and invest them in more permanent securities, added: "We must ask that you arrange to send us $1,500 by return mail and another $1,500 by the 1st of November, which will clean up the present open account." The second contained the following: "On the 12th I wrote you, asking that you send us cashier's check for $1,500, in place of drawing on you for a like amount. We must get your account down materially and trust you will send us cashier's check for this amount."

We think the court below correctly held that the request so made by letter was not a "legal demand" for the payment of money within the terms of the bond. "To constitute in law a demand for the payment of a deposit, it must be such as to cause a payment of the deposit, or a denial or repudiation of liability, so understood by the parties." Michie, Banks & Banking, 1323. In 3 R. C. L. 566, it is said: "The obligation of the bank to its depositor is to repay the depositor on a proper demand, and such a demand must, as a general rule, have been made to enable a depositor to maintain an action for his deposit. The general custom in banking business is to pay on account of such indebtedness only upon a proper demand therefor by check or its equivalent at the banking house during ordinary banking hours. One who deposits money for his credit in such an account, without any special understanding to the contrary, is presumed to accept the undertaking of the bank to pay according to the general usage in such cases, which is known to all men." To the text are cited, among other cases, Koelzer v. First Nat. Bank, 125 Wis. 595, 104 N. W. 838, 2 L. R. A. (N. S.) 571, 110 Am. St. Rep. 870, 4 Ann. Cas. 1144; Tobin v. McKinney, 14 S. D. 52, 84 N. W. 228, 91 Am. St. Rep. 688; First Nat. Bank v. Stapf, 165 Ind. 162, 74 N. E. 987, 112 Am. St. Rep. 214, 6 Ann. Cas. 631. The record does not show that the bank made any response to the letters of the plaintiff. It is reasonable to assume that, had the demand

been made by check or draft, payment would have been made.

[2] The plaintiff contends that it had the right to rely upon the defendant's promise of September 28, 1922, to consider the giving of a new bond on November 1, 1922, the renewal date, and had the right to rely upon the request of the defendant's service manager, made on that date, not to withdraw the deposits from the Highwood Bank, and it is argued that, but for such promise to consider the renewal of the bond and the request not to withdraw the deposits, the plaintiff would have withdrawn its deposits from said bank and avoided the loss which subsequently occurred. In brief, the proposition is that the defendant is estopped to deny its liability on the bond. It is true that on September 28, 1922, the service manager of the defendant wrote to the plaintiff a letter, in which he referred to the eight banks in which the plaintiff had deposits, and which deposits were protected by the terms of the schedule bond, and at the conclusion thereof said: "We will consider writing new bonds on these banks on the renewal date, which is November 1, 1922." But he contradicted the plaintiff's testimony that he had requested it not to withdraw the deposits from the Highwood Bank, and the court below found the facts adversely to the plaintiff's contention, and found that the plaintiff's failure to make legal demand for payment was not due to any act of defendant's imposing liability upon the latter, and that the defendant did not engage on November 1, 1922, or at any other time, to supply plaintiff with a new bond effective after the bond in suit expired. That this is so is shown by the letter of the plaintiff to the bank of November 8, 1922, in which, after referring to its efforts to obtain the bond, the plaintiff wrote: "It would assist us materially at this time if you would send us the $1,500 at once on your open account. I feel almost certain then that the American Surety Company will then give us coverage."

[3] Nor does the record sustain the plaintiff's contention that, because the defendant originally based its denial of liability on the ground that the plaintiff had failed to reduce its deposits as requested by the defendant, so as to extinguish the account by November 1, 1922, the defendant was estopped to deny liability on the ground of the plaintiff's failure to make legal demand for the money so deposited. There was in this no change of front to the plaintiff's detriment. There could be no estoppel if the defendant was in ignorance of the facts, and the

plaintiff knew and withheld information thereof. The trial court found that at the time of the defendant's original denial of liability it had no knowledge that the plaintiff had failed to make legal demand for any of the sums so deposited with the bank.

The judgment is affirmed.