LOUISA J. DAVIS, Respondent, *v.* AUGUSTUS C. BECHSTEIN, Impleaded with LAWRENCE A. RILEY, Appellant.

A purchaser of a bond and mortgage takes it subject to the equities between the original parties, and the assignor can give no better title than he has himself.

It is only where the owner has by his own affirmative act conferred the apparent title and absolute ownership of a non-negotiable chose in action upon another, on the faith of which it has been purchased for value, that he is precluded from asserting his real title.

Plaintiff and her husband executed to R. a bond and mortgage simply as an accommodation, to be used as collateral security for a loan he proposed effecting. R. failed to procure the loan, but sold the bond and mortgage to defendant B. In an action brought by plaintiff to have the bond and mortgage cancelled, *held*, that R. having no authority to sell the bond and mortgage, conveyed no title to B., and that plaintiff was entitled to judgment declaring the bond and mortgage void as against her.

Plaintiff's husband was not made a party to the action. At the opening of the trial the defendant's counsel objected to proceeding on the ground that the husband was a necessary party. *Held*, that the defect not having been taken by answer or demurrer, must be deemed to have been waived, and that there was no mistrial.

(Argued April 19, 1877; decided April 27, 1877.)

THIS was an appeal from a judgment of the General Term of the Court of Common Pleas for the city and county of New York, modifying the judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, and as modified affirming the same.

This action was brought to have a bond and mortgage on lands belonging to plaintiff set aside and cancelled. The bond and mortgage were executed by plaintiff and her husband to Lawrence A. Riley, and delivered to him as an

accommodation, to be used as collateral security for the payment of a note, which he contemplated getting discounted, and under an agreement with him that he should not have it recorded. Riley failed to procure the discount and plaintiff repeatedly requested the return of the bond and mortgage ; Riley promised to return the same from time to time, but failed to do so; had the mortgage recorded, and assigned the bond and mortgage for a valuable consideration to the defendant Bechstein. Plaintiff's husband was not made a party to this action. It did not appear that he had any interest in the real estate covered by the mortgage. A judgment was entered in favor of the plaintiff, declaring the bond and mortgage in suit void, and directing that defendant Bechstein surrender and deliver up the same The General Term modified this judgment so as to declare the bond and mortgage void only as against plaintiff, and that the register of the city and county of New York be required to enter upon the record of the mortgage that it was adjudged void as against plaintiff, striking out the provision in the judgment directing the mortgage to be surrendered up and cancelled.

*L. A. Gould,* for the appellant. There was a mistrial. (*Stone* v. *Flower,* 47 N. Y., 566.) Plaintiff having enabled Riley to hold himself out as the absolute owner of the mortgage, cannot interpose the plea of want of consideration because it was assigned to the appellant. (*McNeil* v. *Tenth Nat. Bank,* 46 N. Y., 325· *Moore* v. *Met. Nat. Bank,* 55 id., 41.)

*Nicholas Quackenbos,* for the respondent. The assignee of a bond and mortgage takes no better title than the mortgagee had, (*Davis* v. *Austin,* 1 Ves., 247; *Trustees, etc.,* v. *Wheeler,* 61 N. Y., 88; *Shafer* v. *Reilly,* 50 id., 61; *Ingraham* v. *Disborough,* 47 id., 421; *Reeves* v. *Kimball,* 40 id., 311; *Ballard* v. *Burgett,* id., 314; *Mason* v. *Lord.* id., 486; *Bush* v. *Lathrop,* 22 id., 535; *Crane* v. *Turner,* 15 Alb. L.

J., No. 5, p. 83; *Moore* v. *Met. Bank*, 55 N. Y., 41.) The appellant, not being a purchaser for value, was not a *bona fide* holder. (*Weaver* v. *Barden*, 49 N. Y., 286; *Turner* v. *Treadway*, 53 id., 650; *At. Nat. Bank*, 55 id., 235; *Chrysler* v. *Renois*, 43 id., 209; *Ray* v. *Coddington*, 20 J. R., 637; *Stalker* v. *McDonald*, 6 Hill, 93; *Wood* v. *Robinson*, 22 N. Y., 567; *Schepp* v. *Carpenter*, 51 id., 602.)

CHURCH, Ch. J. Neither the decision in *McNeil* v. *The Tenth National Bank* (46 N. Y., 325), nor in *Moore* v. *Metropolitan Nat. Bank* (55 N. Y., 41), affect the question involved in this case. Those cases hold that the owner of a chose in action is estopped from asserting his title against a *bona fide* purchaser for value, who purchased upon the faith of an apparent absolute ownership by assignment, conferred by the owner upon the assignee and seller, but neither of them intimated an intention to interfere with the well settled principle, that a purchaser of a chose in action, takes it subject to the equities between the original parties, and that the assignor can give no better title than he himself has. On the contrary, GROVER, J., in the last case declared, in answer to the suggestion that these principles might be impaired by the decision, that " no one pretends, but that the purchaser will take the former (non-negotiable choses in action) subject to all defences valid as to the original parties, nor that the mere possession is any more evidence of title in the possessor than is that of a horse." It is only where the owner, by his own affirmative act, has conferred the apparent title and absolute ownership upon another, upon the faith of which the chose in action has been purchased for value, that he is precluded from asserting his real title, and this conclusion was arrived at by the application of the doctrine of estoppel.

At the time Riley transferred the bond and mortgage to the defendant Bechstein, as between him and the plaintiff, the mortgagor, he had no title or interest which he could transfer. The mortgage was executed and delivered to him

as an accommodation, to be used as collateral security for the payment of a note of $2,000, which he contemplated getting discounted at the New York National Exchange Bank, and under an agreement not to have it recorded. He failed to procure the discount, and the plaintiff repeatedly requested the return of the bond and mortgage, and Riley promised to return the same from time to time. It is very clear that the bond and mortgage in his hands were of no value, and that he could not have enforced them, and the defendant when he purchased, occupied no better position. Riley could not sell any better title than he had, which was none, and the defendant could not acquire by the purchase from him any better title. The specific transaction in which the mortgage was to be used having failed, Riley's possession and right to the mortgage, after that was no different than if it had been delivered to him without any agreement for its use at all. He was then the possessor of the bond and mortgage executed and delivered without consideration, and without authority to use it for any purpose. I have examined the evidence and am of the opinion that it is sufficient to sustain the findings of the judge, and therefore the findings are conclusive. The husband was not made a party, and a mis-trial is claimed for this reason. He had no interest as it appears in the real estate, and the defect should have been taken by answer or demurrer. Otherwise it is deemed waived. (Code, § 148.)

The General Term modified the judgment, so as to preserve all the rights of the defendant against the husband, and he cannot in any event be injured.

The judgment must be affirmed.

All concur; Rapallo, J., not voting.

Judgment affirmed.