Filed June 18, 1884.

---

No. 10,714.

## KASTNER *v.* PIBILINSKI ET AL.

PROMISSORY NOTE.—*Ownership.*—*Assignor and Assignee.*—*Interpleader.*— *Practice.*—In a suit by an assignee of a promissory note, it is not error to permit another, who claims ownership of the note, to intervene by counter-claim, and assert his right thereto.

SAME.—*Assignment.*—*Fraud.*—The payee of a non-commercial promissory note, being unable to read or write, and desiring after its maturity to assign it to his daughter as a marriage portion, the prospective son-in-law A., deceiving him as to the terms of the endorsement, fraudulently procured an assignment to himself, and afterwards assigned the note to a *bona fide* purchaser for value.

*Held,* that the daughter, and not the assignee of A., was entitled to the proceeds of the note.

From the Laporte Circuit Court.

*H. B. Tuthill, J. A. Thornton* and *J. H. Orr,* for appellant. *D. J. Wile* and *F. E. Osborn,* for appellees.

ELLIOTT, C. J.—Appellant's complaint is based on a promissory note executed to Michael Badner by George Pibilinski and Peter Gooske, and, as the complaint alleges, assigned by Badner to Carl Goerg, and by him to the appellant. The makers of the note appeared and by answer admitted their liability on the note, and alleged that there was a dispute as to the ownership. Matilda Goerg filed a cross complaint, as-

serting that she was the owner of the note sued on, and alleging that Carl Goerg had obtained the assignment of the note to be made to him by false and fraudulent pretences. The contest is between the plaintiff and the cross complainant as to the ownership of the note.

It was proper to permit the filing of the cross complaint or counter-claim, for it was upon matters connected with the subject of the action. The rights of all the parties were thus brought before the court and the entire controversy presented for trial. By this course multiplicity of actions and circuity of litigation were avoided, and yet the rights of all the parties fairly presented for judicial investigation. Where there is a dispute as to the ownership of a note, or of property, it is, as a general rule, proper for a claimant to intervene and assert his title.

The court, at the request of the appellant, made a special finding of facts, and we summarize such as are material to the issue between the appellant and Matilda Goerg: On the 10th day of January, 1882, Carl Goerg borrowed of the appellant $500, and pledged the note as collateral security, and endorsed it, " Pay Theodore Kastner or order; " the money was loaned in good faith by Kastner, and he had no knowledge of the means by which Goerg had obtained the note; it was not a commercial note, and was past due when the appellant received it. On the 3d day of January, 1882, appellant's assignor, Carl Goerg, was married to the cross complainant, who was then fifteen years of age. Immediately before the marriage her father gave her, as her marriage portion, a large amount of property, and included in this gift was this note, which he gave to her as her absolute and separate property. Carl Goerg fraudulently procured the father, who could neither read nor write, to make and sign the following endorsement: " Pay order of Carl Goerg.

his

" Michael + Badner."

mark

At the time this endorsement was made the father believed that it was executed to his daughter and not to Goerg. The note was pledged by the cross complainant's husband without her knowledge or consent.

It is only in the strongest and clearest cases that estoppel by conduct can be invoked against an infant. A very different rule applies to a person of non-age from that which operates upon persons of full age. It is only where there is actual fraud that an infant is precluded from asserting his rights. *Carpenter* v. *Carpenter*, 45 Ind. 142; *Price* v. *Jennings*, 62 Ind. 111; *Conrad* v. *Lane*, 26 Minn. 389, S. C., 37 Am. R. 412; *Whitcomb* v. *Joslyn*, 51 Vt. 79, S. C., 31 Am. R. 678; *Studwell* v. *Shapter*, 54 N. Y. 249; *Brantley* v. *Wolf*, 60 Miss. 420; *Schnell* v. *City of Chicago*, 38 Ill. 382; *McBeth* v. *Trabue*, 69 Mo. 642. In the present case the cross complainant is entirely free from wrong, for there was no bad faith on her part.

Neither the cross complainant nor her father put it in the power of Carl Goerg to practice a fraud on the appellant. Neither intended to put trust or confidence in him, but both intended that the legal title to the note should vest in the cross complainant, and they believed that it was so vested by the endorsement. That it did not vest as intended is attributable to the fraud of Goerg, and not to the act of the endorser or the real endorsee. Where a party does not intend to vest property in a person who acquires an apparent title by fraud, and does not intend to put trust or confidence in him, the principle that he who enables one person to practice a fraud on an innocent third person shall suffer the loss, does not apply. The purpose of father and daughter was defeated by Carl Goerg's fraud in inducing the former to sign an altogether different endorsement from the one he intended to execute.

A general rule is that fraud vitiates everything into which it enters, and another general rule is that an assignee takes

no better title than the assignor had.   It is true that there
are exceptions to these general rules, but an assignment of a
past due non-commercial note, procured by the fraud of the
first assignee, is fully within these rules, for the first assign-
ment is vitiated by the fraud, and as the immediate assignee,
who practiced the fraud, could acquire no title, he had none
to transfer.

The doctrine, that negligence on the part of a maker or
endorser of a commercial bill or note will preclude him from
defending against an action by a *bona fide* holder, does not
obtain in a case where the note assigned is not commercial
and is assigned after maturity.   Where a commercial note is
signed or endorsed, it is marketable in the hands of the holder,
and is protected against defences, and men have a right to
buy it as an article of commerce, which, by the law, is free
from infirmities, but this is not true of a note not commercial
and assigned after maturity.   Instruments, such as that last
named, are not protected in the hands of *bona fide* holders,
and one who buys must ascertain whether the person of whom
he buys has title, as well as whether the note is subject to de-
fences.

Counsel refer us to the case of *Stoner* v. *Brown,* 18 Ind.
464, and affirm that it is applicable to this case, but say
that it is in conflict with the later case of *Summers* v. *Hutson,*
48 Ind. 228.   We do not agree with counsel, for we think
that *Stoner* v. *Brown, supra,* is distinguishable from the pres-
ent case, as well as from *Summers* v. *Hutson, supra.*   In *Stoner*
v. *Brown, supra,* the opinion was rested solely on the propo-
sition that the party claiming the note had a mere equitable
lien and no legal title.   In the case in hand, the assignment
of the note was in equity and in law to the cross complain-
ant, and vested in her not an equitable lien, but an absolute
title.   It is true that the fraud of Carl Goerg made it appear
that the assignment was to him, but this was so only because
of his own fraud in writing an assignment which he knew
the owner of the note did not intend to sign.

It is fraudulent for one who is directed to prepare a written instrument to express a designated and certain contract, to so write the instrument as to make it express a different contract. *Bethell* v. *Bethell,* 92 Ind. 318. The fraud of Goerg in making the assignment to himself, instead of making it to the appellee, as he was required and undertook to do, can not change the nature of her title. Equity considers that as done which ought to have been done, and the courts will treat the assignment as expressing what, but for Goerg's perfidy and fraud, it would have expressed.

The decision in *Summers* v. *Hutson, supra,* goes much further than we are required to go in the present case, for there the person who fraudulently wrote the note payable to himself was the agent of the party entitled to the note, and was entrusted by his principal with the transaction of the business in the course of which the note was executed; while here, the man who wrote the endorsement was not an agent, and was not held out as such. The appearance of title which he secured was created by his fraud in falsely representing the character of the instrument which he had written, and procuring the signature of Badner, under the belief that the instrument was one of an altogether different character. It can not, therefore, be justly said that the appearance of title was created by any confidence or trust reposed in Goerg. There is nothing in the case which takes it out of the general rule that the purchaser of past due non-commercial paper must inquire as to the title of his assignor, and as to the defences against the note in the assignor's hands. *Sims* v. *Wilson,* 47 Ind. 226; *Robeson* v. *Roberts,* 20 Ind. 155, *vide* opinion p. 161; *Schafer* v. *Reilly,* 50 N. Y. 61; *Bush* v. *Lathrop,* 22 N. Y. 535. Judgment affirmed.

Filed June 7, 1884.