Filed Oct. 18, 1887.

---

No. 13,711.

## MOORE *v.* MOORE ET AL.

PROMISSORY NOTE.—*Endorsement.—Fraud.—Innocent Purchaser After Maturity.—Estoppel.*—Where the holder of a promissory note is induced, by fraud and without consideration, to endorse and deliver the same to another, who, after maturity, endorses it to an innocent purchaser for value and without notice, the latter takes title, the original holder being estopped as against him to deny the title of the fraudulent endorsee.

From the Clark Circuit Court.

*J. B. Brown,* for appellant.

*W. K. Marshall,* for appellees.

MITCHELL, J.—This was a suit by Robert W. Moore against William and Kate Lee to foreclose a mortgage executed by the latter as a security for the payment of five promissory notes, payable by the mortgagors to Louis Schneck, guardian of Charles H. Moore, a person of unsound mind.

As appears from the complaint, the notes were endorsed by Schneck to Mary A. Moore, and by her to James E. Moore, and by the latter to the plaintiff, Robert W. Moore.

The appellant, Mary A. Moore, upon her intervening petition, was admitted a party defendant. She thereupon filed a cross-complaint, in which she alleged that the endorsement and delivery of the notes by her had been procured by fraud and false representations, and by the inducement and persuasion of James E. Moore, to whom she endorsed them without any consideration, and that she was, therefore, in fact the owner of the notes in suit. She prayed that the mortgage might be foreclosed, and that the court give its decree perpetually enjoining the plaintiff from claiming any interest in the notes or in the decree of foreclosure.

Issue was taken upon the cross-complaint, the makers of the notes making no contest, and upon due request the court made a special finding of the facts.

So far as they are material to be stated, the facts found are that the notes and mortgage in suit had been assigned and delivered to Mary A. Moore by the guardian of her deceased husband, as part of her share in her husband's estate. It was also found that the appellant, Mary A. Moore, endorsed and delivered the notes and mortgage to James E. Moore without any consideration whatever, and that the endorsement and delivery had been obtained by the false and fraudulent representations of James E. Moore and one Amy Jones. On the 24th day of April, 1884, long after the notes had matured, they were endorsed and delivered, with the mortgage, by James E. Moore to the plaintiff, Robert W. Moore, who paid their full face value, without any notice that they had been obtained from Mary A. Moore by fraud and false rep-

resentations, or that she had or claimed any title or interest whatever in the notes and mortgage.

The court having found that Robert W. Moore was a purchaser for full value, without notice, the question is whether his title to the notes will prevail over the appellant's equity, notwithstanding the endorsement and delivery were obtained by the appellee's assignor from the appellant by fraud and without consideration.

The argument for a reversal rests mainly on the proposition that the assignee of a non-negotiable instrument can take no greater interest or better title to the instrument assigned than was possessed by the assignor at the time of the transfer; hence, the argument proceeds, the notes in suit having been transferred to the appellee after they had matured and were dishonored, the latter took them subject not only to all defences and equities between the original parties, but subject also to all equities in favor of the appellant, a prior endorser. In short, the appellee's position is that "a purchaser of a chose in action must always abide by the case of the person from whom he buys."

This doctrine ruled the case of *Bush* v. *Lathrop*, 22 N. Y. 535, and some earlier cases in the State of New York. As applied to instruments or things in action, the legal title to which is transferable by assignment in writing, the doctrine relied upon has been distinctly and repeatedly repudiated by the more recent decisions in New York, as, also, in other jurisdictions. *McNeil* v. *Tenth Nat'l Bank*, 46 N. Y. 325; *Moore* v. *Metropolitan Nat'l Bank*, 55 N. Y. 41; *Trustees, etc.*, v. *Wheeler*, 61 N. Y. 88, 104; *Davis* v. *Bechstein*, 69 N. Y. 440; 2 Daniel Neg. Instr., section 1708*g*.

Section 5501, R. S. 1881, provides that "All promissory notes, bills of exchange, bonds, or other instruments in writing, signed by any person who promises to pay money, * * * shall be negotiable by endorsement thereon, so as to vest the property thereof in each endorsee successively."

The section following authorizes the assignee of any such

instrument, so endorsed, to recover in his own name from the person who made the same.

The effect of these provisions is to vest in the endorsees of the instruments named therein, whether such instruments be technically negotiable by the law merchant or not, a complete legal title, as well as a right of recovery by endorsees in their own names, respectively.

Whatever right remains in the assignor of an instrument thus assignable, after the holder has transferred it by an unrestricted endorsement, must of necessity be of a purely equitable character. It is not perceived, therefore, why an innocent purchaser, who takes such an instrument by endorsement for value, and without notice of the latent equities of prior endorsers, may not stand upon the rule that where the equities are equal he is in the situation of advantage who holds the legal title. If one of two equally innocent parties must suffer, that one who, by his endorsement of the instrument, has conferred upon another the apparently absolute ownership of the paper must bear the loss. This doctrine ruled the case of *Stoner* v. *Brown*, 18 Ind. 464, which is not distinguishable in principle from the case before us. It is familiar law that if the owner, although induced thereto by fraud, invests another with the apparent legal title to chattels, in pursuance of a contract, the person so clothed may transfer an unimpeachable title to a good-faith purchaser. *Parrish* v. *Thurston*, 87 Ind. 437 ; *Curme, etc.,* v. *Rauh,* 100 Ind. 247 ; *Alexander* v. *Swackhamer,* 105 Ind. 81 (55 Am. R. 180) ; *Weaver* v. *Barden,* 49 N. Y. 286 ; 1 Benjamin Sales, section 450.

We are unable to discover any good reason for a distinction in that regard between chattels and such instruments as may be assigned by endorsement, so as to give the assignee a complete legal title.

The more modern rule upon the subject under consideration seems to be, that where the owner of things in action, although not technically negotiable, has clothed another, to

Moore *v.* Moore *et al.*

whom they are delivered in the method common to all mercantile communities, with the usual apparent *indicia* of title, he will be estopped from setting up against a second assignee, to whom the securities have been transferred for value and without notice, that the title of the first assignee was not perfect and absolute. 2 Pomeroy Eq. Jur., section 710; Pomeroy Remedies, etc., section 161; *Combes* v. *Chandler*, 33 Ohio St. 178; *McNeil* v. *Tenth Nat'l Bank, supra*, and cases cited; *Burton's Appeal*, 93 Pa. St. 214; *Wood's Appeal*, 92 Pa. St. 379 (37 Am. R. 694).

The estoppel thus applied between assignors and assignees in no wise affects the right of the makers of such paper to set up any defences which the statute makes available to them. The purchaser of such paper can not affect the makers by an estoppel against any prior assignor as to any defences or equities between the original parties. *Davis* v. *Bechstein, supra.*

The authorities already cited cover every feature of the questions under consideration so fully that further discussion of the subject could add nothing to what has been there said.

The case of *Carithers* v. *Stuart*, 87 Ind. 424, although clearly distinguishable in its facts, recognizes the doctrine and authorities which control our judgment in this case; nor is our conclusion here in any manner opposed by the case of *Kastner* v. *Pibilinski*, 96 Ind. 229, and the authorities upon which that judgment rests.

There was no error. The judgment is affirmed, with costs.

Filed Oct. 18, 1887.