## Home Brewing Company *v.* Johnson et al.

[No. 6,168.   Filed January 14, 1908.]

1. PLEADING. — *Complaint.* — *Mechanics' Liens.* — *Foreclosure.*—A complaint for the foreclosure of a mechanic's lien showing that notice to hold such lien was filed within sixty days after the materials were furnished, a bill of particulars, of like import, being attached and made part of the complaint, the complaint further alleging that the materials furnished were used in the building, is sufficient. p. 45.

2. MECHANICS' LIENS.—*Delivery of Goods.*—*Notice.*—Notice of an intention to hold a mechanic's lien, filed February 17, is sufficient, where the goods were delivered on December 1, 11, 15 and 29, preceding. p. 45.

3. SAME.—*Discharge of.*—*Settlement with Contractor.*—The owner of property, by a settlement with the contractor, cannot deprive a person who furnished materials used in the building, of his right to a mechanic's lien therefor. p. 46.

4. SAME.—*Delivery of Property.*—*Calculation of Time for Filing Notice.*—Where materials for a structure were delivered at different times, the last of which deliveries was a water pan lid—a necessary and proper article for the improvement made—the notice should be filed within sixty days from the delivery of such lid. p. 46.

5. JUDGMENT.—*Personal.—Mechanics' Liens.*—Where materials are furnished to a contractor for use in a certain building, the person so furnishing is not entitled to a personal judgment against the owner of the building. p. 46.

6. NEW TRIAL.—*Defective Judgment.—Motion to Modify.*—Where a personal judgment was improperly rendered in the foreclosure of a mechanic's lien, such error can be presented upon a motion to modify such judgment, but not by a motion for a new trial. p. 46.

From Superior Court of Marion County (68,470) ; *James M. Leathers,* Judge.

Suit by William H. Johnson and another against the Home Brewing Company. From a decree for plaintiffs, defendant appeals. *Affirmed.*

*Florea & Seidensticker,* for appellant.

*William S. Canfield* and *Walter L. Carey,* for appellees.

ROBY, C. J.—Suit by appellees for the foreclosure of a mechanic's lien. It is assigned that the court erred in overruling appellant's demurrer to the complaint and in overruling its motion for a new trial. The complaint is not subject to the objections urged against it. It contains an averment that notice of intention was filed within sixty days after the materials named were furnished, and the bill of particulars accords with this allegation. It is also averred with sufficient precision that the materials were furnished for use in the building upon which a lien is claimed.

The appellant owned the real estate described in the notice and complaint. It contracted with Medaris to make certain improvements thereto and to furnish the material therefor. Appellees furnished a furnace, pipes, dampers and registers to Medaris for use in making such improvement and the same were so used. Delivery of these articles was made on December 1, 11, 15 and 29, 1903. The last part delivered was the lid to a water pan, which appellees did not have on hand, and for which they sent to Utica, New York. Notice of intention to hold a lien was

filed February 17, 1904. Appellant settled with the contractor and paid him before the water pan lid was delivered. This fact did not deprive appellees of any right given by the statute. They would have been entitled to their lien although the entire price had been paid to the contractor in advance.

The point that the furnace was substantially complete without the water pan lid, and that the delivery of such lid cannot be regarded as fixing the time within which notice of an intention to hold a lien must have been filed, is not well taken. A furnace may no doubt be operated without a water pan lid, as a house may be lived in without a veranda, but those attachments are a part of the objects to which they belong, and cannot be disassociated from them. *Siegmund* v. *Kellogg-Mackay-Cameron Co.* (1906), 38 Ind. App. 95.

A personal judgment should not have been rendered against appellant. The complaint was not sufficient to authorize it. The rendition of such judgment is not ground for a new trial. A motion to modify the judgment is necessary to present such question, and no such motion was made. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260; *Williams* v. *Manley* (1904), 33 Ind. App. 270.

The judgment is affirmed.