## KRIEG ET AL. *v.* PALMER NATIONAL BANK.

[No. 8,739. Filed January 13, 1916. Rehearing denied April 20, 1916. Transfer denied April 3, 1918. Motion *to* withdraw denial of transfer overruled May 29, 1918.]

1. APPEAL.—*Assignments of Error.—Sufficiency.—Questions Presented.*—An assignment of error questioning jointly the sustaining of a demurrer to all the special replies to special answers to a cross-complaint presents no question for review where the record shows no such ruling, but, instead shows the sustaining of separate demurrers to certain paragraphs of reply. p. 681.

2. APPEAL.—*Record.—Questions Presented for Review.*—An assignment of error questioning the sustaining of a demurrer presents no question for review where the demurrer is not in the record. p. 681.

3. APPEAL.—*Review.—Law of the Case.*—An opinion on a former appeal is the law of the case as to all questions presented and decided. p. 682.

4. APPEAL.—*Review.—Harmless Error.—Law of the Case.*—The contention that a former opinion which was the law of the case should have been so construed as to permit a defendant to invoke the laws of a foreign state as a defense, is of no avail where the record shows that such defendant was permitted to plead, and offer in evidence, the laws of such state without objection, though the finding was against such defense. p. 682.

5. BILLS AND NOTES.—*Certificates of Deposit.—Transfer by Indorsement.*—An assignment of a certificate of deposit by unrestricted indorsement and delivery invests the holder with the legal title to the certificate and confers the right to recover thereon, unless such right is defeated by some equitable principle that may be invoked by the original payee to defeat such recovery. p. 685.

6. BILLS AND NOTES.—*Transfer by Indorsement.—Defenses.*—The nonnegotiability of an instrument under the law merchant does not affect its assignability, nor defeat the transfer of the legal title by indorsement and delivery, though certain defenses are available against it that are not available against the holder of an instrument negotiable by the law merchant. p. 685.

7. BILLS AND NOTES.—*Certificates of Deposit.—Transfer.—Bona Fide Purchaser.—Liability.*—Where the owner of a certificate of deposit, nonnegotiable under the law merchant, transferred it by unrestricted indorsement to a third person and the third

person, though he acquired the certificate fraudulently, transferred it to the plaintiff in due course by unrestricted indorsement for a valuable consideration, the latter having no knowledge of prior equities or defenses and relying on the indorsement, the legal title to the certificate vested in the plaintiff, independently of its negotiability under the law merchant, and the owner must bear the loss and is estopped to deny the plaintiff's title, since he placed it within the power of the third person to work the injury. pp. 685, 692, 693.

8. APPEAL.—*Review.*—*Harmless Error.*—The overruling of a demurrer to the reply of the plaintiff holder of a certificate of deposit, assigned as error on the ground that the reply failed to allege an unrestricted indorsement by the owner, was harmless where the record shows that the indorsement was in due form and unrestricted. p. 693.

9. BILLS AND NOTES.—*Bona Fide Purchaser.*—*Verdict.*—*Special Interrogatories.*—Conflict.—In an action by the holder of a certificate of deposit, in which the defense relied on the fraud of a third party in acquiring the certificate from the original payee and the plaintiff relied on the pleading and proof of facts which it contends show it to be a *bona fide* purchaser, the answers to special interrogatories are reviewed and *held* not in conflict with the general verdict for the plaintiff. p. 694.

10. APPEAL.—*Review.*—*Instructions.*—Technical objections pointing out alleged defects to instructions that could not have affected any substantial rights of the appellants are of no avail. p. 695.

11. APPEAL.—*Review.*—*Presenting Grounds in Trial Court.*—*Modification of Judgment.*—Where neither defendant presented a motion to modify or change the judgment rendered in the plaintiff's favor by the trial court, no question as to the form of the judgment, nor as to the extent of the relief granted, is presented. p. 695.

12. INTERPLEADER.—*Rights of Interpleader.*—*Defenses.*—Where a bank which issued a certificate of deposit paid into court the amount due thereon, but thereafter participated as an active adversary with the payee, opposing recovery of any amount by the plaintiff holder, it waived the right to claim the benefits of interpleader and may not object to the recovery of a judgment for principal and interest from the date of demand to the time of trial, which was more than the amount paid into court, since an essential element of interpleader is that the party claiming the benefits thereof asserts no claim to the money so paid, nor to any interest in the controversy. p. 696.

13. DEPOSITS IN COURT.—*Effect.*—*Personal Judgment.*—In an action on a certificate of deposit, the original payee and indorser,

who asked and was granted permission of being made a party defendant and denied the plaintiff's right to the recovery of money paid into court by the bank issuing the certificate, either from himself as indorser or from the bank as maker of the certificate, is liable for a personal judgment for the amount of the certificate from the date of demand to the time of trial. p. 696.

From the Wabash Circuit Court; *Nott N. Antrim,* Special Judge.

Action by the Palmer National Bank against George S. Krieg and another. From a judgment for the plaintiff, the defendants appeal. *Affirmed.*

*Lesh & Lesh, F. O. Switzer, Krieg & Sapp* and *W. A. Ketcham,* for appellants.
*Watkins & Butler,* for appellee.

FELT, P. J.—This is the second appeal in this case. *Krieg* v. *Palmer Nat. Bank,* 51 Ind. App. 34, 95 N. E. 613. The statement of the case in the former opinion is relied on as far as applicable to avoid repetition. Following the reversal of the judgment on the former appeal, the case was remanded to the lower court, where rulings were entered in conformity to the mandate of this court. An amended reply in three paragraphs by the Palmer National Bank was filed to the second, third, and fourth paragraphs of appellant Krieg's answer to the complaint. Appellee also filed an amended answer in three paragraphs to the cross-complaint of appellant Krieg, of which the third was a general denial. Appellant Krieg filed a reply in four paragraphs to the first paragraph of appellee's amended answer to the cross-complaint, and also filed a reply in four paragraphs addressed to the second paragraph of appellee's amended answer to the cross-complaint. The complaint and answers thereto and the cross-complaint are the same as on

the former appeal. Demurrers by appellant Krieg for insufficiency of the facts alleged were overruled to the first and second paragraphs of the amended replies addressed to the second, third, and fourth paragraphs of appellant Krieg's answer to the complaint. The court also overruled appellant Krieg's separate demurrers to the first and second paragraphs of amended answer addressed to his cross-complaint. Appellee demurred separately to each the second, third, and fourth paragraphs of reply to the first paragraph of amended answer to the cross-complaint, which demurrer was sustained. Likewise the demurrer to the second, third, and fourth paragraphs of reply to the second paragraph of amended answer to the cross-complaint was sustained.

Separate errors are assigned by each of the appellants. Appellant Krieg assigns: (1) The overruling of his motion for new trial; (2) the overruling of his motion for judgment on the answers to the interrogatories; (3) overruling his demurrer separately and severally to the first and second paragraphs of appellee's amended reply to the second, third, and fourth paragraphs of his answer; (4) overruling his demurrer separately and severally to the first and second paragraphs of appellee's amended answer to his cross-complaint; (5) the sustaining of appellee's demurrer to the second, third, and fourth paragraphs of reply to the amended answer to the first and second paragraphs of the cross-complaint; (6) the sustaining of the demurrer of appellee to the second, third, and fourth paragraphs of reply to the second paragraph of the amended answer to the first and second paragraphs of the cross-complaint; (7) the overruling of his demurrer to the first paragraph of

appellee's amended reply to the second, third, and fourth paragraphs of his answer; (8) overruling his demurrer to the second paragraph of appellee's amended reply to the second, third, and fourth paragraphs of his answer; (9) overruling his demurrer to the first paragraph of appellee's amended answer to his cross-complaint; (10) overruling his demurrer to the second paragraph of appellee's amended answer to his cross-complaint. Appellant Huntington County Bank assigns as error the overruling of its motion for a new trial and its motion for judgment on the answers to the interrogatories.

The answer of appellee to the cross-complaint was in three paragraphs, of which the third was a general denial, and the first and second special answers. To each of the paragraphs of special answers there was filed a reply in four paragraphs, the first of which is a general denial.

The fifth assignment of error presents no question, for the reason that it seeks to question the sustaining of the demurrer to all the special replies to all of the special answers to the cross-complaint jointly, while the record shows no such ruling, but, instead, shows separate and several rulings of the court in sustaining separate demurrers to the second, third, and fourth paragraphs of reply to each of the first and second paragraphs of amended answer separately to the cross-complaint. Furthermore, the sixth assignment of errors presents no question, for the reason that the demurrer which is alleged to have been sustained is not in the record.

The decision on the former appeal is the law of the case as to all questions presented and decided, and

the opinion holds that the case is controlled by
3.    the laws of Indiana, and not by the laws of
Illinois, since Price, who indorsed the certifi-
cate in Illinois, is not a party to the suit.

It is contended, however, that, inasmuch as the man-
date directed the overruling of the demurrer to the
second paragraph of Krieg's reply to the
4.   fourth paragraph of appellee's answer to the
cross-complaint, the opinion must be construed
to hold that Krieg may invoke the laws of Illinois in
aid of his defense.   We do not understand the ruling
to be based upon that ground, but, if there is any
ambiguity in the opinion or ground for appellant's
contention, it appears from the record that appellant
Krieg has not been harmed, for he was given the bene-
fit of such construction and permitted to plead and
offer in evidence the laws of Illinois without objec-
tion, and to fully try the issue on that theory, though
it resulted in a finding against him.   *Turpie* v. *Lowe*
(1901), 158 Ind. 314, 318, 62 N. E. 484, 92 Am. St.
310.

Furthermore, as above indicated, the question is
not presented by the assignment of errors, for the
reasons already stated in regard to the fifth and
sixth specifications of alleged error.

The assignments of error question the correctness
of the trial court's action in overruling the separate
demurrers to the first and second paragraphs of ap-
pellee's amended reply to the second, third, and
fourth paragraphs of Krieg's answer to the com-
plaint, and in overruling the separate demurrers to
the first and second paragraphs of appellee's amend-
ed answer to the cross-complaint of appellant Krieg.

Appellee's amended first paragraph of reply to

each the second, third, and fourth paragraphs of Krieg's answer alleges in substance that appellee purchased the certificate of deposit sued on in the usual course of·business at its place of business in Danville, Illinois, on March —, 1907, from James W. Price, who then had the same in his possession, claiming to own the certificate; that he then sold it to appellee as his property; that said Price indorsed and wrote his name across the back thereof, and then and there delivered it to appellee, for which it then and there gave him the sum of $4,250 in currency, which he accepted; that appellant Krieg gave appellee no notice and did not make known his title or interest in and to said certificate, and appellee did not know, nor have knowledge or notice, that he claimed any interest therein, and did not know of any fraud in procuring the certificate from Krieg or the Huntington County Bank; that said Krieg had, at some previous time to appellee unknown, at Huntington, Indiana, written his name across the back of said certificate and delivered the same to said Price; that Krieg at said time knew his rights as to said certificate and that by his indorsement without restriction and delivery to said Price he invested him with the apparent legal title and ownership thereof; that, if there existed any defense to the payment of said certificate, Krieg did not disclose or make it known to appellee; that thereby appellee was led to purchase said certificate, and did purchase it, and paid for it the sum of $4,250 in currency, believing from said unrestricted indorsement and the possession of the certificate by Price that he was the owner thereof; that appellee relied wholly upon said unrestricted indorsement and the possession aforesaid; that by reason of such un-

restricted indorsement and delivery, and by reason of appellee's reliance on the apparent ownership of Price, appellants are estopped from asserting any claim in or to said certificate as against appellee, or from asserting any fraud or illegality in the procurement thereof, and are thereby estopped from setting up fraud, or want or failure of consideration.

The second paragraph of amended reply to the second, third, and fourth paragraphs of answer of appellant Krieg, in substance, alleges that appellee purchased said certificate of deposit at its usual place of business at Danville, State of Illinois, in good faith in the usual course of business, without notice or knowledge of any defects therein, or of any fraud or illegality in the procurement thereof, before the certificate was due, and paid therefor to said Price, the holder thereof, the sum of $4,250 in currency. The averments of the first paragraph of appellee's answer to the amended cross-complaint are in substance the same as the averments of the amended first paragraph of reply above set out. The averments of the second paragraph of amended answer to the first and second paragraphs of the cross-complaint are in substance the same as those of the second paragraph of amended reply above set out.

The vital and controlling question in the controversy between appellee and appellant Krieg depends upon the sufficiency of the plea of estoppel presented by the amended first paragraph of reply to the second, third, and fourth paragraphs of Krieg's answer to the complaint and the first paragraph of appellee's answer to Krieg's amended cross-complaint. Appellant contends that the reply aforesaid is insufficient as a plea of estoppel, because it shows that Price indorsed the certificate to appellee in Illinois, and

fails to show that appellee made any inquiry of Krieg as to whether Price was the lawful owner of the certificate or had authority to dispose of the same, or whether Krieg made any representations, to appellee whereby it was induced to purchase the certificate. The pleadings show that the certificate was duly issued to appellant Krieg by his coappellant, Huntington County Bank; that Krieg duly indorsed and transferred it to Price by unrestricted indorsement, and that by like indorsement Price transferred it to appellee for full face value without notice or knowledge on the part of appellee of any irregularity or fraud in the procurement of the certificate by Price, or of any defense thereto.

The effect of these unrestricted indorsements and the delivery of the certificate to appellee was to invest appellee. with the legal title to, and the possession of, the certificate, with the consequent right to recover thereon, unless such right is defeated by some equitable principle that may be invoked by appellant Krieg to defeat such recovery. *Shirk* v. *North* (1894), 138 Ind. 210, 214, 37 N. E. 590; *Moore* v. *Moore* (1887), 112 Ind. 149, 151, 13 N. E. 673, 2 Am. St. 170; *Scott* v. *First Nat. Bank* (1880), 71 Ind. 445, 447; *Wolf* v. *American Trust, etc., Bank* (1914), 214 Fed. 761, 765, 132 C. C. A. 410.

The nonnegotiability of the instrument under the law merchant does not affect its assignability, nor defeat the transfer of the legal title by indorsement and delivery thereof, though certain defenses are available against such instrument that are not available against the holder of an instrument which is negotiable by the law merchant. *Moore* v. *Moore, supra,* 152; *Gardner*

v. *Beacon Trust Co.* (1906), 190 Mass. 27, 76 N. E. 455, 2 L. R. A. (N. S.) 767, 771, 772, 112 Am. St. 303, 5 Ann. Cas. 581; *Y. M. C. A. Gymnasium Co.* v. *Rockford Nat. Bank* (1899), 179 Ill. 599, 54 N. E. 297, 46 L. R. A. 753, 787, notes, 70 Am. St. 135, 141, and notes; *Truxton* v. *Fait, etc., Co.* (1899), 1 Pennewill (Del.) 483, 42 Atl. 431, 73 Am. St. 81, 85; *Davis* v. *Bechstein* (1877), 69 N. Y. 440, 25 Am. Rep. 218. Where one of two equally innocent parties must suffer, the one who has put it within the power of another to impose on an innocent person must bear the loss, rather than the one who has been so imposed upon. *Shirk* v. *North, supra,* 215; *Moore* v. *Moore, supra.* The one to whom a chose in action has been transferred for a valuable consideration, by due and unrestricted indorsement, without notice or knowledge of prior equities or defenses, acquires the legal title thereto, independent of its negotiability by the law merchant, and by virtue of such legal title and possession so acquired is placed in the situation of advantage, and one, who by prior unrestricted indorsement has made it possible for an immediate indorser to so transfer the instrument to the ultimate holder thereof with all the indicia of absolute ownership, must bear the loss, rather than such ultimate holder who has become the owner thereof by such transfer and indorsement, and such prior indorser under such circumstances and conditions is estopped to deny to such holder of the instrument his right to recover thereon. *Shirk* v. *North, supra; Merrell* v. *Springer* (1890), 123 Ind. 485, 489, 24 N. E. 258, 8 L. R. A. 61; *Moore* v. *Moore, supra,* 153; *Kiefer* v. *Klinsick* (1896), 144 Ind. 46, 57, 42 N. E. 447; *Anderson* v. *Hubble* (1884), 93 Ind. 570, 576, 577, 47

Am. Rep. 394; *Steele* v. *Michigan Buggy Co.* (1912), 50 Ind. App. 635, 642, 95 N. E. 435; *Kastner* v. *Pibilinski* (1884), 96 Ind. 229, 232; *Stoner* v. *Brown* (1862), 18 Ind. 464; *Wolf* v. *American Trust, etc., Bank, supra; Gardner* v. *Beacon Trust Co., supra; Y. M. C. A. Gymnasium Co.* v. *Rockford Nat. Bank, supra; Baker* v. *Wood* (1894), 157 U. S. 212, 216, 15 Sup. Ct. 577, 39 L. Ed. 677, 678; *Burton's Appeal* (1880), 93 Pa. 214; *Baltimore, etc., R. Co.* v. *Good* (1910), 82 Ohio St. 278, 92 N. E. 435, 29 L. R. A. (N. S.) 713; *McCarthy* v. *Crawford* (1909), 238 Ill. 38, 86 N. E. 750, 29 L. R. A. (N. S.) 252, 254, 128 Am. St. 95.

In *Moore* v. *Moore, supra,* it is said: "The more modern rule upon the subject under consideration seems to be, that where the owner of things in action, although not technically negotiable, has clothed another, to whom they are delivered in the method common to all mercantile communities, with the usual apparent *indicia* of title, he will be estopped from setting up against a second assignee, to whom the securities have been transferred for value and without notice, that the title of the first assignee was not perfect and absolute."

In *Shirk* v. *North, supra,* 214, it is said: "The answer raises the question of the effect of the assignment of said notes, and the subsequent purchase of them by appellant, who maintains that he acquired a good title to these notes for the following reasons: The appellee assigned said notes to A. S. Yoder by the written indorsement of her name on the back thereof in blank, and without any restrictive written conditions on the notes. She also delivered the possession of them to Yoder, and thus, by her own acts,

clothed him with the highest *indicia* of title, viz., assignment and possession, and when he brought the notes to the appellant and offered them for sale, he had the most indisputable title that can accompany personal property, viz., the legal title indorsement and possession. * * * It appears that the appellant purchased the notes in suit in the ordinary course of business, and he looked to the evidences of title in making the investment. There is no denial in the complaint, that the appellee made the assignment and delivered the notes to Yoder. The appellant paid a valuable consideration for them, relying upon the fact that they were properly assigned and were in Yoder's possession.

"It is a familiar rule of law that where one of two equally innocent parties must suffer, the one who has put it within the power of another to impose on an innocent person must be the one to bear the loss. * * *

"In this case the appellee, by her indorsement of the notes in blank, without any restrictive conditions written thereon, and the delivery thereof to Yoder, placed it in his power to impose on the appellant. The appellee could have protected herself by making a restrictive written indorsement on the notes, stating that they had been assigned as collateral security for the debt of her husband. This would have precluded the person in whose favor it was made from making such a transfer as would create a right of action against either the party making the indorsement or any of the antecedent parties. 1 Wait's Actions and Def. 597.

"By so doing, she would have put every person to whom Yoder attempted to sell the notes, on his guard,

and prevented him from being imposed upon. She did not choose to do this, and, as between her and the appellant, she must be the one to suffer from her negligence. As against the careless assignor, the law favors the diligent, good faith assignee, who is a holder of indorsed paper for a valuable consideration, although it may not be governed by the law merchant. The appellee having indorsed the notes in blank and delivered them to Yoder, the force and effect of these acts were to vest a good title in such innocent purchaser for value. The indorsement in blank was regular, and could not be changed by parol evidence so as to show a different state of facts from what the blank indorsement presented.  *  *  *

"Appellee avers in her complaint, that she assigned the notes in suit as collateral security for the debt of her husband, but she indorsed them in blank and delivered them to him. She concealed the facts by her indorsement in blank without restrictive conditions that she had transferred them to him as collateral security for the husband's debt. By her unlimited indorsement of these notes, and their delivery to Yoder, she misrepresented the facts, and put it in the power of Yoder to dispose of them to an innocent person. She clothed Yoder with the highest *indicia* of ownership of personal property, and sent forth no words of warning by which innocent and unsuspecting persons could be put on their guard. The appellant, in his answer, says he expressly relied upon appellee's indorsement and the possession of the notes by Yoder. It is clear that the appellee has, by her own conduct, brought herself within the rule declared in *Cupp* v. *Campbell, supra,* and she is now estopped,

by her own acts, from claiming the notes in contro-versy against the appellant.''

In *Wolf* v. *American Trust, etc., Bank, supra,* the United States Circuit Court of Appeals considered a case involving a pledge of stock certificates, and in an opinion by Baker, C. J., said: ''Many of the cases that deny relief to a defrauded owner of com-mercial paper under circumstances like the present, ground the decision either on equitable estoppel or on the principle that where one of two must suffer the creator of the situation shall bear the burden. * * * But we believe that the true ground is this: An indorsement of a negotiable instrument to a named indorsee has two aspects. In one, it is a con-tingent contract of debt as complete and definite as if the terms thereof were written out in full above the indorser's signature; and in the other, it is a conveyance to the indorsee of the legal title to the instrument considered as a species of property—as perfect a conveyance as in the ordinary bill of sale of the ordinary chattel. Concerning the indorser's liability on his contingent contract of debt, the matu-rity of the instrument may or may not be important. As to the validity of the indorser's conveyance of the legal title, the maturity of the instrument is incon-sequential. And so in this case, inasmuch as appel-lee is not counting on appellant's contingent contract of debt but is only asking him to respect his convey-ance of the legal title, the principle applies, which is common to the law of all kinds of property, that the innocent purchaser of the legal title is protected against secret equities respecting the title.''

In *Baker* v. *Wood, supra,* the Supreme Court of the United States, by Fuller, C. J., said: ''But in

respect of the assignment of choses in action, not
negotiable, the assignee takes subject to the equities
between the debtor and the original creditor subsist-
ing at the time of the assignment, or when notice is
received thereof. Where, however, equities between
the original assignor and a subsequent assignee, or
entirely in favor of third persons are involved, and
the unconditional power of disposition has been in-
trusted by such assignor to his assignee, the principle
of estoppel applies in favor of purchasers in good
faith, and without notice.''

In *Gardner* v. *Beacon Trust Co.*, *supra*, the Su-
preme Court of Massachusetts, after speaking of the
general rule applicable to past due commercial paper,
said: ''But the case is very different where the
owner of an overdue note transfers it under circum-
stances which enable his transferee to deal with it
though obtained by fraud as if he were the true owner,
and when an innocent purchaser for value takes it
from such transferee before the transfer has been
avoided. In such a case no equity attaches to the
note in favor of the true owner as against the inno-
cent purchaser for value, since it was by his own act
that the perpetrator of the fraud was enabled to com-
mit it. The true owner of an overdue note may deal
with it as with any other property, and the mere fact
that the note is overdue does not in such case, in the
absence of anything in the transaction to suggest sus-
picion, put a purchaser upon inquiry any more than
a purchaser is bound in any other case to inquire
into the title of his vendor. See *White* v. *Dodge,* 187
Mass. 449. The possibility that the title may have
been obtained by fraud exists in all cases. But that
is not enough to put a purchaser upon inquiry. Any

other view would put upon the innocent purchaser for value of overdue negotiable paper the onus of a defective title no matter how much he may have been misled by the conduct of the true owner. We do not think that such is the law.''

Under the foregoing authorities, we hold that the court did not err in overruling the demurrer to the amended first paragraph of appellee's reply to the second, third and fourth paragraphs of the separate answer of appellant Krieg to the complaint, for the reason that said reply shows that the certificate of deposit was issued by the Huntington County Bank in regular form to appellant Krieg; that it was by him transferred to Price by unrestricted indorsement; that Price by like indorsement transferred the same to appellee for the full face value of the certificate, in the due course of business, without any notice or knowledge on the part of appellee of any fraud or illegality in the procurement of the instrument by Price, or of any defense whatever on the part of Krieg to the collection of the amount due thereon; that appellee relied on the possession by Price of said certificate and the unrestricted indorsements thereof, and was thereby induced to purchase the same. In other words, the reply is sufficient as a plea of estoppel against appellant Krieg. For the same reason the first paragraph of appellee's amended answer to appellant's amended cross-complaint is good as a plea of estoppel.

The assignments of error also present the sufficiency of the second paragraph of appellee's amended reply to the second, third and fourth paragraphs of appellant's answer to the complaint.

The pleading sets up in general terms the same

facts that are averred in greater detail in the first paragraph of amended reply aforesaid, and is therefore sufficient, for the reason that it shows that appellee obtained the certificate in good faith in the due course of business for full value, from Price, who obtained it by indorsement of Krieg, without notice or knowledge on the part of appellee of any defect therein, or of any fraud or illegality in the procurement thereof. *Tescher* v. *Merea* (1889), 118 Ind. 586, 589, 21 N. E. 316; *National Bank* v. *Isham* (1876), 48 Vt. 590, 593; *Roberts* v. *Hall* (1870), 37 Conn. 205, 9 Am. Rep. 308; 7 Cyc 924 *et seq.* The sufficiency of the pleading does not depend upon the laws of Illinois, as did the third paragraph of reply to the third and fourth paragraphs of appellant's answer, considered and passed upon by the court in the former opinion. If there is any doubt about the sufficiency of the second paragraph of the reply herein held good, it would result from a view that would hold the averments insufficient to show an unrestricted indorsement of the certificate by appellant Krieg. If the reply is insufficient for such reason, which we do not hold, the error in holding it good would be harmless to appellant, for the reason that the record shows without doubt or controversy that each of the indorsements was in due form and unrestricted; that the certificate was regular in form, and there was nothing upon or connected with it to indicate any irregularity in its transfer by appellant Krieg to Price or by Price to appellee. *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 581, 96 N. E. 196. For the reasons already stated, appellee's second paragraph of amended answer to the

cross-complaint was sufficient to withstand the demurrer.

The answers of the jury to the interrogatories, in substance, show that the Huntington County Bank issued the certificate of deposit to Krieg, who 9. transferred it to James W. Price by writing his name across the back thereof and by delivering the same to him; that Krieg transferred the certificate to Price to take up his note for $4,350 previously executed by him to Price; that Price transferred the certificate to appellee by writing his name across the back thereof and delivering it to appellee; that Price received from appellee for said certificate the sum of $4,250 in currency; that appellee, prior to the time it purchased said certificate, had neither notice nor knowledge of any fraud practiced by Price upon Krieg in obtaining the certificate; that the consideration received by Krieg from Price was a deed for certain territory in which to sell a patented farm derrick; that Krieg accepted said deed and received and retained $500 from the resale of a part of such territory conveyed by Price to him; that such resale was made after Price had transferred the certificate to appellee; that appellee received no notice of any claim of a defense to the collection of said certificate until after it had purchased and paid for the same; that the principal and interest of said certificate at the date of trial amounted to $5,809.03. Under the law already announced in this opinion it is clear that the answers are not in conflict with the general verdict, but are in harmony therewith. The court therefore did not err in overruling appellants' motion for judgment on the answers to the interrogatories.

We have examined the instructions given and those

tendered and refused, and find no reversible error in the giving or refusal of instructions. Those 10. given, when considered as a whole, are as favorable to appellants as the law will warrant. Most of the objections urged are based upon views of the law of the case which we have held untenable. The other objections urged are technical in character, and in any view could not have affected any substantial right of appellants.

Likewise, under the issues of this case and the law as herein declared, the questions suggested as to the admissibility of evidence show no ruling in favor of appellee adverse to any substantial right of the appellants.

It is also urged that there is no warrant under the issues in this case for the rendition of a personal judgment against either appellant; that only 11. the fund paid into court can be reached. The suit was originally against the Huntington County Bank to recover on the certificate, and on its petition and likewise on his own petition appellant Krieg was made a party defendant. Neither of the appellants filed a motion to modify or change the judgment in any respect, and, under the well-established rule, in the absence of such motion, no question as to the form of the judgment or extent of the relief granted is presented. *Home Brewing Co.* v. *Johnson* (1907), 41 Ind. App. 44, 46, 83 N. E. 358; *Broeker* v. *Aetna Life Ins. Co.* (1907), 41 Ind. App. 316, 83 N. E. 756; *Williams* v. *Manley* (1904), 33 Ind. App. 270, 273, 69 N. E. 469; *Jerrell* v. *Brubaker* (1897), 150 Ind. 260, 271, 49 N. E. 1050; *Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820.

It is also urged that the amount of the verdict is

excessive; that in no event is appellee entitled to recover more than the amount paid into court, while the verdict is for the face value of the certificate, with six per cent. interest from the date of the demand for payment to the time of trial.

As shown in the former opinion, the bank paid into court the sum of $4,381, the amount of the certificate and accrued interest to the date of such payment. Notwithstanding such payment, the bank, as well as Krieg, continued as an active adversary opposing appellee's recovery of any amount, and after the return of the verdict filed a motion for judgment in its favor on the answers of the jury to the interrogatories and a motion for a new trial. The case does not come strictly within the rule of interpleader as to the Huntington County Bank. *Nofsinger* v. *Reynolds* (1875), 52 Ind. 218, 225; *Northwestern, etc., Ins. Co.* v. *Kidder* (1903), 162 Ind. 382, 387, 70 N. E. 489, 66 L. R. A. 89, 1 Ann. Cas. 509. A party who interpleads and pays money into court does so on the theory that he acknowledges his liability and discharges it under the protection of the court to avoid complications with parties who assert conflicting claims to the money so paid by him. One of the essential elements of such interpleader is that the party does not assert any claim to the money so paid or claim any interest in the controversy, other than that of saving himself from costs and expenses of litigation. In *Northwestern, etc., Ins. Co.* v. *Kidder, supra,* it is said: "The person asking the relief  *  *  *  must not have nor claim any interest in the subject-matter.  *  *  *  The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded

Krieg *v.* Palmer Nat. Bank—67 Ind. App. 677.

\* \* \* he must stand perfectly indifferent between them, in the position merely of a stakeholder." If appellant Huntington County Bank desired to occupy the position of an interpleader, it could not consistently continue as an adversary of appellee, and by so doing has waived its right to claim benefits that come to one who occupies the position of interpleader, or stakeholder, between litigants.

As already indicated, this suit was originally to recover on the certificate, and Krieg, the payee and indorser of the certificate, asked and was granted the privilege of being made a defendant to the suit, and as such, at all stages of the proceedings, has resisted appellee's claim to the money paid into court, and denied his right to a recovery of any amount whatever on the certificate, either from himself as indorser or from the Huntington County Bank as maker of the instrument. We therefore conclude that the judgment for the face value of the certificate, and six per cent. interest from the time payment was demanded by appellee, is not excessive as to either of the appellants.

The case seems to have been fairly tried on the merits, and no intervening error has been pointed out which affects the substantial rights of either of the appellants. *Friebe* v. *Elder* (1913), 181 Ind. 597, 609, 105 N. E. 151.

Judgment affirmed.

Note.—Reported in 111 N. E. 31.