GRUBE ET AL. *v.* HONEGGER ET AL.

[No. 19,118. Filed October 24, 1960.]

*Nichols & Nichols,* of Knox, for appellants.

*Hugh Watson* and *Locke, Reynolds, Boyd & Weisell,* both of Indianapolis, for appellees.

GONAS, J.—Appellees Honegger and DeVault were awarded a contract for the construction of a public drain. As such contractors, they executed their bond with the appellee bonding company as surety thereon.

Appellants filed their complaint in their individual capacities, setting forth such contract and bond as exhibits and alleging that appellees, Honegger and De-Vault, are indebted to them in the sum of $1,036.21 for labor performed and parts furnished at said appellees' special instance and request; that such repairs and parts were furnished for repair and parts on construction equipment that at the time and place, were being used in the construction of the drain; that said sum is due and unpaid; that Honegger and DeVault are primarily liable on the account sued upon and that appellee bonding company is secondarily liable as surety on the bond.

The trial court, upon request, found the facts spe-

cially, stated conclusions of law thereon, and entered judgment for all appellees.

The trial court found that the Pulaski Circuit Court had entered a judgment establishing the drain and ordering its construction; that the engineer in charge entered into the contract with Honegger and DeVault for its construction and that appellees entered into the construction bond.

The court further found that appellants sold and delivered to Honegger and DeVault, repair parts and performed labor related to repairs in the amount alleged in the complaint, which amount had not been paid; that a portion of said parts and labor went into a tractor which was used at various times for a total of about three weeks to perform work on part of the drain.

The court concluded:

That none of the items sold or labor performed by the plaintiffs created any liability on the part of any of the defendants which is covered by the said bond, and since plaintiffs' complaint is founded upon an action on the said bond, plaintiffs are not entitled to a judgment against any of the defendants.

That part of the court's conclusion to the effect that none of the items sold or labor performed, created any liability on the part of any of the defendants which is covered by the bond is not challenged, nor is that part of the judgment challenged which found for the bonding company. Appellants do insist, however, that they are entitled to judgment against Honegger and DeVault for work and materials furnished and that the court erred in concluding that "since plaintiffs' complaint is founded upon an action on the said bond, plaintiffs are not entitled to a judgment against any of the defendants."

In other words, the appellants are complaining of the extent of the relief granted by the judgment. The appellants filed no motion to modify or change the judgment in any respect, therefore, no question as to the form of judgment or the extent of the relief granted is presented. *Krieg et al.* v. *Palmer National Bank* (1916), 67 Ind. App. 677, 111 N. E. 31.

Appellants not having presented the question contended for by them, the judgment must be affirmed.

Bierly, C. J., and Kelley and Smith, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 649.